STATE OF NORTH CAROLINA v. WILSON GARCIA

No. 9210SC530

(Filed 17 August 1993)

**1. Criminal Law § 830 (NCI4th)— codefendant's testimony— cautionary instruction—giving in final charge sufficient**

If a cautionary instruction on accomplice testimony was required once defendant requested one, the inclusion of that instruction in the final charge to the jury rather than prior to a codefendant's testimony was sufficient to meet that requirement.

**Am Jur 2d, Trial §§ 818-820, 866.**

**2. Narcotics, Controlled Substances, and Paraphernalia § 124 (NCI4th)— trafficking in cocaine—sufficiency of evidence**

Evidence was sufficient to be submitted to the jury in a prosecution for trafficking in cocaine by possession and by transportation where it tended to show that defendant and a woman were travelling together on a bus; defendant planned to pay the woman for carrying the cocaine; he instructed her about what to do with the bag containing the cocaine and where to carry it; and when the bus made stops, defendant called ahead to make arrangements about what to do with the cocaine when they arrived in Durham.

**Am Jur 2d, Drugs, Narcotics, and Poisons § 47.**

**3. Narcotics, Controlled Substances, and Paraphernalia § 220 (NCI4th)— trafficking in cocaine by possession and by transportation—consecutive sentences—no error**

The trial court did not err in sentencing defendant to two consecutive thirty-five-year terms of imprisonment for trafficking in cocaine by possession of 400 grams or more and trafficking in cocaine by transportation of 400 grams or more, and there was no merit to defendant's contention that the sentencing objectives of protecting the public of North Carolina for an additional thirty-five years and rehabilitating and restoring him to the community as a lawful citizen were not necessary because he was likely going to be deported upon release from prison, since two of the declared sentencing purposes would be accomplished in defendant's case: general deterrence of

trafficking in controlled substances, and punishment commensurate with the injury caused and the culpability involved in trafficking of controlled substances. Moreover, the trial court need not consider whether the goals of restraint and rehabilitation of the offender will be accomplished in relation to each offender sentenced when imposing presumptive sentences under the trafficking statute.

**Am Jur 2d, Drugs, Narcotics, and Poisons § 48 et seq.**

Appeal by defendant from judgment entered 25 February 1992 by Judge Gregory A. Weeks in Wake County Superior Court. Heard in the Court of Appeals 27 April 1993.

Defendant was found guilty by a jury and convicted of trafficking in cocaine by possession of more than 400 grams and trafficking in cocaine by transportation of more than 400 grams, and he received consecutive thirty-five-year terms of imprisonment. An indictment of conspiracy to traffick in cocaine was dismissed by the trial court at the close of the State's evidence. From the judgment and sentencing, defendant appeals.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Jane L. Oliver, for the State.*

*Charles F. Caldwell for defendant-appellant.*

ORR, Judge.

On 24 April 1991, defendant and Elizabeth Pena were arrested at the Raleigh bus station by two State Bureau of Investigation agents and a Wake County Sheriff's Office detective. The evidence at trial, presented only by the State, tended to show the facts as follows. The officers were conducting a drug interdiction exercise at the bus station, whereby certain southbound passengers were asked to display their tickets, state their origin and destination, and identify their luggage. Defendant and Elizabeth Pena exited the bus from New York separately. The officers questioned defendant, and he produced a one-way ticket from New York to Durham and a store-bought identification card bearing the name "John Brown." He consented to a search of his person which revealed only a sports bar membership card bearing the name "Wilson Garcia." He did not board the bus to Durham. The officers then questioned Elizabeth Pena, who had boarded the Durham-bound bus. She iden-

tified her bag and consented to a search of the bag. The officers found a plastic bag containing 498.7 grams of eighty-percent pure cocaine in her bag. One of the officers then left the station to search for defendant and found him several blocks away. On the sidewalk nearby, he also found a torn bus ticket with sequential numbers and times as that found on Pena. Defendant denied knowing Pena or having knowledge of the cocaine.

Pena testified at trial that defendant offered to pay for her to visit her mother in the Dominican Republic if she would do something for him. She said defendant told her to pack some clothes and leave her bag at his house. Then he told her to retrieve the bag and meet him at the New York City bus station, where he gave her the bus ticket to Durham. Pena denied knowledge of the cocaine.

Defendant bases his appeal on three contentions of error by the trial court. We hold that the trial court committed no error.

## I.

[1] Defendant first argues that the trial court committed reversible error in refusing to give defendant's requested cautionary instruction prior to co-defendant Pena's testimony. We disagree.

Defendant relies on the well-settled rule of law in this State that "although the jury should receive and act upon such testimony with caution, the unsupported testimony of an accomplice is sufficient to sustain a conviction if it satisfies the jury beyond a reasonable doubt of the guilt of the accused." *State v. Tilley*, 239 N.C. 245, 249, 79 S.E.2d 473, 476 (1954). Defendant contends that the only way the jury can receive evidence of an accomplice with caution is if that evidence is preceded with a cautionary instruction from the court. We disagree.

"[I]nstructions on the credibility of interested witnesses concern a subordinate feature of the case; thus, the court need not instruct on this subject absent a request." *State v. Watson*, 294 N.C. 159, 168, 240 S.E.2d 440, 446 (1978). Defendant made a motion that such an instruction be given prior to Pena's testimony. The trial court denied this motion.

However, in its final charge to the jury, the trial court gave an instruction substantially the same as that requested by defendant. The trial court cautioned the jury that Pena

STATE v. GARCIA

[111 N.C. App. 636 (1993)]

> has been charged with similar offenses [to defendant] in this case. And I instruct you that as such you may find that she is interested in the outcome of this trial. And . . . in deciding whether or not to believe such a witness you may take her interests into account. If after doing so you believe her testimony in whole or in part, then I instruct you that you should treat what you believe the same as any other believable evidence in this case.

In *State v. Miller*, 61 N.C. App. 1, 22, 300 S.E.2d 431, 445 (1983), the appellant contended that the court erred by not giving a requested limiting instruction that certain photograph exhibits be considered only for illustrative purposes. Although the record showed no limiting instructions were given when the photographs were received into evidence, this Court held that the assignment of error was without merit because the trial court had given appropriate instructions in its final charge to the jury. *Id.*

If a cautionary instruction was required once defendant requested one, the inclusion of that instruction in the final charge to the jury rather than prior to Pena's testimony was sufficient to meet that requirement. The trial court committed no error in not giving the instruction prior to Pena's testimony.

## II.

[2] Defendant next contends that the trial court erred in denying his motion to dismiss for insufficiency of evidence. We disagree.

> [U]pon a motion to dismiss in a criminal action, all the evidence admitted, whether competent or incompetent, must be considered by the trial judge in the light most favorable to the State, giving the State the benefit of every reasonable inference that might be drawn therefrom. Any contradictions or discrepancies in the evidence are for resolution by the jury. . . . The trial judge must decide whether there is substantial evidence of each element of the offense charged. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*State v. Diaz*, 317 N.C. 545, 546, 346 S.E.2d 488, 490 (1986).

The only element of the trafficking offense that defendant challenges is knowing possession of the cocaine. To prove this element, the State must prove actual possession, constructive posses-

sion, or acting in concert with another to commit the crime. *See Diaz* at 552, 346 S.E.2d at 493 (when the State has established that a defendant was present while a trafficking offense occurred and that he acted in concert with others to commit the offense pursuant to a common plan or purpose, it is not necessary to invoke the doctrine of constructive possession). The State argues that it presented substantial evidence for the trial court, when considering the evidence in a light most favorable to the State, to find both defendant's constructive possession and acting in concert with Pena. We agree.

> Under the theory of constructive possession, a person may be charged with possession of an item such as narcotics when he has both the power and intent to control its disposition or use even though he does not have actual possession. . . . [U]nless the person has exclusive possession of the place where the narcotics are found, the State must show other incriminating circumstances before constructive possession may be inferred. (Citation omitted.)

*State v. Davis*, 325 N.C. 693, 697, 386 S.E.2d 187, 190 (1989). Upon review of the testimony presented at trial, we conclude that the State showed sufficient incriminating circumstances from which the trial court could have inferred constructive possession when ruling on defendant's motion to dismiss. From the testimony, the trial court could have drawn reasonable inferences that defendant caused the cocaine to be placed in Pena's bag, that he gave Pena a bus ticket to Durham where she was to take the bag in return for a ticket to visit her mother, that defendant told Pena he would be on the bus to make sure she did what she was supposed to do but she was not to speak to him or sit with him, that Pena was dependent on defendant in that he was to pay for her return trip to New York, and that defendant alone knew what they were to do with the cocaine once they arrived in Durham. Thus, the trial court could have found that defendant had the power and intent to control the disposition of the cocaine.

A defendant acts in concert with another to commit a crime when he acts in harmony or in conjunction with another pursuant to a common criminal plan or purpose. *Diaz* at 547, 346 S.E.2d at 490. The evidence was sufficient for the trial court, when considering it in a light most favorable to the State, to find that defendant acted in concert with Pena to possess the cocaine. The

STATE v. GARCIA

[111 N.C. App. 636 (1993)]

trial court could have reasonably inferred that defendant and Pena were travelling together, that defendant planned to pay Pena for carrying the cocaine, that he instructed her about what to do with the bag and where to carry it, and that when the bus made stops defendant called ahead to make arrangements about what to do with the cocaine when they arrived in Durham. We hold that the trial court committed no error in denying defendant's motion to dismiss for insufficient evidence.

III.

[3] Defendant finally contends that the trial court erred in sentencing defendant to two consecutive thirty-five-year terms of imprisonment. We disagree.

Defendant was convicted of trafficking in cocaine by possession of 400 grams or more and trafficking in cocaine by transportation of 400 grams or more. N.C. Gen. Stat. § 90-95(h)(3)(c) (Supp. 1992), provides a person convicted of one of these crimes shall be punished as a Class D felon and sentenced to a term of at least 35 years and fined at least $250,000. N.C.G.S. § 90-95(h)(6) provides that "[s]entences imposed pursuant to this subsection [h] shall run consecutively with and shall commence at the expiration of any sentence being served by the person sentenced hereunder." Sale, manufacture, delivery, transportation, and possession of 28 grams or more of cocaine as defined under N.C.G.S. § 90-95(h)(3) are separate trafficking offenses for which a defendant may be separately convicted and punished. See Diaz at 554, 346 S.E.2d at 494 (and cases cited).

Defendant claims that his sentence is contrary to sentencing public policy as expressed in N.C.G.S. § 15A-1340.3 (1988):

> The primary purposes of sentencing a person convicted of a crime are to impose a punishment commensurate with the injury the offense has caused, taking into account factors that may diminish or increase the offender's culpability; to protect the public by restraining offenders; to assist the offender toward rehabilitation and restoration to the community as a lawful citizen; and to provide a general deterrent to criminal behavior.

Defendant claims that he is a citizen of the Dominican Republic and his alien resident status is likely illegal, or at best questionable. Thus, he says, his conviction makes it probable that he will be deported upon release from prison. Upon these assumptions, defendant argues that the sentencing objectives of protecting the

public of North Carolina for an additional thirty-five years, and rehabilitating and restoring him to the community as a lawful citizen are not necessary.

One purpose behind the trafficking statute is to deter distribution of controlled substances. *State v. Tyndall*, 55 N.C. App. 57, 60, 284 S.E.2d 575, 577 (1981). The Legislature has determined that certain amounts of controlled substances indicate an intent to distribute on a large scale, which increases the number of people potentially harmed by the use of drugs. *Id.* Thus, the Legislature instituted minimum sentences for trafficking offenses with strong consideration of two of its declared sentencing purposes: general deterrence of trafficking in controlled substances, and punishment commensurate with the injury caused and the culpability involved in trafficking of controlled substances.

Restraint and rehabilitation of the offender remain goals under presumptive sentences. The trial court need not consider whether these goals will be accomplished in relation to each offender sentenced when imposing presumptive sentences under the trafficking statute. Even if defendant's illegal alien argument were relevant, there would be no guarantee that defendant, as an illegal alien deported after serving a term for trafficking in cocaine in North Carolina, would not return to the United States and again traffic cocaine in our State. The Legislature set the minimum sentences in the trafficking statute with consideration of its expressed purposes of sentencing. Thus, the trial court's imposition of the prescribed sentences did not violate sentencing public policy and was not in error.

For the foregoing reasons, we hold that the trial court committed no error.

No error.

Judges JOHNSON and McCRODDEN concur.