An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-824

NORTH CAROLINA COURT OF APPEALS

Filed: 18 March 2014

STATE OF NORTH CAROLINA

v.                                        Mecklenburg County
                                          No. 10 CRS 205883
MICHAEL RASHAWN CROWDER


Appeal by defendant from judgment entered 26 February 2013 by Judge C. Thomas Edwards in Mecklenburg County Superior Court. Heard in the Court of Appeals 7 January 2014.

> *Attorney General Roy Cooper, by Special Deputy Attorney General Melissa L. Trippe, for the State.*
>
> *Marilyn G. Ozer for defendant.*


HUNTER, Robert C., Judge.


Defendant Michael Crowder appeals the judgment entered after a jury convicted him of first degree murder on the basis of felony murder. After careful review, because the State failed to present substantial evidence that defendant constructively possessed or attempted to possess the marijuana found in the victim's van, we reverse the trial court's order

denying defendant's motion to dismiss and vacate defendant's conviction for felony murder.

## Background

The State's evidence presented at trial tended to establish the following: Defendant and Aaron Shawn Wood ("Mr. Wood") knew each other while they were residents at McLeod Center, a halfway house. After Mr. Wood left the halfway house, sometime in late 2006 or early 2007, he started a trucking company with Rickie Hooper ("Mr. Hooper"). On 6 March 2007, Mr. Wood and Mr. Hooper drove to Columbia, South Carolina to pick up one of their trucks that had broken down. During the trip, Mr. Wood told Mr. Hooper that he was stressed about money. However, Mr. Wood told Mr. Hooper that a "guy from the halfway house" owed him money and that Mr. Wood was meeting with this "guy" the next day. Mr. Wood claimed that after this meeting, their "money problems" would be solved.

The next day, on 7 March, Mr. Hooper called Mr. Wood several times to discuss loads coming in later in the week. Finally, around six that evening, Mr. Wood answered his phone. Mr. Hooper testified, over objection, that he heard two voices in the background; Mr. Hooper claimed that Mr. Wood told him that one of the guys in the background was "Travis" from the

halfway house.  Mr. Wood then told Mr. Hooper that he would call him back, but Mr. Wood never did.

Sheldon Wood, Mr. Wood's brother, ("Sheldon") testified at trial that Mr. Wood was involved in drug dealing.  On the day Mr. Wood was killed, Mr. Wood called Sheldon and asked him to ride with him to meet "a halfway dude."  Sheldon was working that day, so he was unable to go with him.

On 7 March 2007, George Young ("Mr. Young") and his family were eating dinner at their residence on Greenview Place.  After he heard three or four gunshots, he got up and looked out the window.  Mr. Young testified that he saw two men in a maroon van and one man outside the van.  The passenger in the van was later identified as defendant.  Investigators later determined that the owner of the van was Mr. Wood's fiancée.  The man outside of the van, whom Mr. Young described as tall and slim and recognized from the neighborhood, was shooting into the van's driver's side window.  Mr. Young claimed he heard three to four more shots.  Mr. Young observed the passenger in the van bending over as if he was picking something up.  The driver of the van, later identified as Mr. Wood, was slumped over.  After the shooting stopped, Mr. Young stepped out onto his front porch and saw a burgundy BMW drive past.  Defendant was driving the

vehicle and the tall, slim shooter was sitting in the passenger seat. Mr. Wood died from multiple gunshot wounds.

Later evidence and eyewitness testimony would indicate that the shooter was Travis Cunningham ("Mr. Cunningham"). Prior to trial, the State made a motion in limine to preclude defendant from introducing evidence at trial that Mr. Cunningham was not charged in connection with this crime. The trial court deferred ruling on the State's motion until it heard evidence; however, during the presentation of the State's evidence, the trial court ruled that defendant could ask anything about the investigation that tended to show Mr. Cunningham was the shooter except defendant was not allowed to ask about the fact that Mr. Cunningham was not charged in relation to this crime.

In Mr. Wood's van, investigators collected five bricks of marijuana weighing around 500 grams each, or approximately one pound, and two broken bricks of marijuana weighing about 200 grams each. In addition, investigators found a brick of marijuana lying on the ground outside the van near the passenger door. A fingerprint analyst for the State testified that only one of the bricks of marijuana had defendant's fingerprint on it. Additionally, Mr. Cunningham's fingerprint was found on a different brick of marijuana. No other fingerprints found on

the marijuana bricks were identified as defendant's. Investigators were able to determine that a phone found in Mr. Wood's van was registered to defendant.

Susan Sarvis, a homicide detective with the Charlotte-Mecklenburg Police Department, ("Detective Sarvis") testified that DNA found on a cigarette butt outside the van belonged to Mr. Cunningham. Detective Sarvis stated at trial that Mr. Cunningham was dating defendant's sister.

Defendant did not present any evidence at trial.

The trial court instructed the jury on felony murder, with the underlying felony being that defendant, either by himself or acting in concert with another, committed or attempted to commit felony possession of marijuana with the use of a deadly weapon. On 26 February 2013, the jury found defendant guilty of felony murder. The trial court sentenced defendant to life imprisonment without parole. Defendant timely appealed.

**Arguments**

Defendant first argues that the trial court erred in denying his motion to dismiss the charge of felony murder. Specifically, defendant contends that the State failed to present sufficient evidence of the underlying offense of possession or attempted possession of a felonious amount of

marijuana. Since the State's evidence of the alleged drug transaction only rose to the level of suspicion and conjecture, there was insufficient evidence to support the underlying felony, and the trial court should have granted his motion to dismiss. We agree.

"This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455, *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000) (internal quotation marks omitted). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), *cert denied*, 515 U.S. 1135, 132 L. Ed. 2d 818 (1995). However, if the State's evidence "is sufficient only to raise a

suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator, the motion to dismiss must be allowed[,] . . . even [if] the suspicion aroused by the evidence is strong." *State v. Malloy*, 309 N.C. 176, 179, 305 S.E.2d 718, 720 (1983).

"First-degree murder by reason of felony murder is committed when a victim is killed during the perpetration or attempted perpetration of certain enumerated felonies or a felony committed or attempted with the use of a deadly weapon." *State v. Gibbs*, 335 N.C. 1, 51, 436 S.E.2d 321, 350 (1993), *cert. denied*, 512 U.S. 1246, 129 L. Ed. 2d 881 (1994). Here, the State submitted possession or attempted possession of a felonious amount of marijuana as the underlying felony offense. *See State v. Herring*, 176 N.C. App. 395, 400, 626 S.E.2d 742, 746 (2006) (noting that trafficking or attempted trafficking in cocaine may serve as the underlying felony in a felony murder charge when a defendant, either by himself or acting in concert, uses a deadly weapon). Defendant contends that the State failed to present sufficient evidence to support the elements of possession or attempted possession of a felonious amount of marijuana; thus, the trial court erred in denying his motion to dismiss.

Our Supreme Court has noted that:

> In a prosecution for possession of contraband materials, the prosecution is not required to prove actual physical possession of the materials. Proof of nonexclusive, constructive possession is sufficient. Constructive possession exists when the defendant, while not having actual possession, has the intent and capability to maintain control and dominion over the narcotics. Where such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession. However, unless the person has exclusive possession of the place where the narcotics are found, the State must show other incriminating circumstances before constructive possession may be inferred.

*State v. Matias*, 354 N.C. 549, 552, 556 S.E.2d 269, 270-71 (2001) (internal citations and quotation marks omitted). In this case, the fact that defendant did not actually possess the marijuana in Mr. Wood's van is not in dispute. As a result, the only basis for the possession charge would be under a constructive possession theory. However, the mere fact that defendant was in the van where marijuana was found does not, by itself, establish constructive possession, *State v. Weems*, 31 N.C. App. 569, 571, 230 S.E.2d 193, 194 (1976); the State must provide other "incriminating circumstances," *Matias*, 354 N.C. at

552, 556 S.E.2d at 270-71, to survive defendant's motion to dismiss.

Here, while it is undisputed that defendant was sitting in a van containing approximately seven pounds of marijuana when Mr. Wood was shot, defendant was not the only person in the van or near the van and, consequently, he did not have exclusive control of the van. Therefore, the State was required to provide additional incriminating circumstances establishing constructive possession. "[C]onstructive possession depends on the totality of circumstances in each case," so that "[n]o single factor controls." *State v. James*, 81 N.C. App. 91, 93, 344 S.E.2d 77, 79 (1986).

Based on the evidence presented at trial, the State has failed to do so. The State presented no evidence that defendant and Mr. Wood had dealt drugs to each other in the past; in fact, there was no evidence at trial that defendant was even involved in this drug transaction or that a drug transaction was even taking place at the time Mr. Wood was killed. The only person with whom Mr. Wood identified that he would be meeting was Mr. Cunningham, but the State provided no details as to whether that meeting would involve the transfer of drugs. Additionally, while the State's evidence tended to show that defendant and Mr.

Cunningham left the scene of the crime together in defendant's car, that fact, by itself, has no bearing on whether defendant possessed or attempted to possess the marijuana, the underlying felony. While it seems that this evidence would support a theory that defendant and Mr. Cunningham acted in concert to rob or assault Mr. Wood, the State did not proceed on this theory at trial. Furthermore, while it is undisputed that one of the bricks of marijuana had defendant's fingerprint on it, that was the only physical piece of evidence linking defendant to the marijuana. Given that numerous other fingerprints were found on the marijuana but only one was from defendant, this evidence is inadequate to establish that defendant maintained any degree of dominion or control over the marijuana. Additionally, the State did not introduce any evidence establishing that the marijuana was in close proximity to defendant in the van or that it was in a place only accessible to defendant. Finally, there was no evidence that defendant was either using the drugs in the van or that defendant had spent any substantial amount of time in the van prior to the shooting.

Moreover, the State failed to present sufficient evidence that defendant possessed or attempted to possess the marijuana while acting in concert with Mr. Cunningham. "To act in concert

means to act together, in harmony or in conjunction one with another pursuant to a common plan or purpose." *State v. Joyner*, 297 N.C. 349, 356, 255 S.E.2d 390, 395 (1979). However, "[t]he acting in concert theory is not generally applicable to possession offenses, as it tends to become confused with other theories of guilt." *State v. Diaz*, 155 N.C. App. 307, 314, 575 S.E.2d 523, 528 (2002). However, when the theory is used, our Court has noted that, while "a defendant need not do any particular act constituting some part of the crime[,]" he must be present at the scene of the crime and act together with another who does the acts necessary to constitute the crime pursuant to a common plan or purpose to commit the crime." *Id*. Consequently, here, the State would be required to show that defendant was present at the scene of the crime and that Mr. Cunningham committed some act necessary to constitute possession or attempted possession or the marijuana. Again, since there was no evidence that Mr. Cunningham actually possessed the marijuana, the State would have to show he constructively possessed the marijuana while defendant was present.

Even under an acting in concert theory, the State has failed to produce sufficient evidence that defendant acted in concert with Mr. Cunningham to possess or attempt to possess the

marijuana. Mr. Cunningham was never in the van where the marijuana was found. The State provided no evidence of a joint plan between Mr. Cunningham and defendant to possess the marijuana. In fact, besides being the shooter, the State provided no evidence as to what exactly Mr. Cunningham's role was in a possible drug transaction with Mr. Wood. As stated above, while it appears that the State could have proceeded under the theory that defendant and Mr. Cunningham acted in concert to either rob or assault Mr. Wood, the State based the felony murder charge solely on the underlying felony offense of possession or attempted possession of marijuana. While a single fingerprint of Mr. Cunningham's was found on one of the bricks of marijuana, it is the sole piece of evidence linking Mr. Cunningham to the marijuana and, without more, is insufficient to establish that he was constructively possessing the marijuana at the time he shot and killed Mr. Wood.

Even in totality and taken in a light most favorable to the State, the evidence was insufficient to support the underlying offense of possession or attempted possession of a felonious amount of marijuana based on the theory of constructive possession, either with defendant acting by himself or acting in concert with Mr. Cunningham. In contrast, the evidence only

rises to a level of suspicion and conjecture that Mr. Wood was killed while defendant was possessing or attempting to possess the marijuana in the van. Accordingly, since we have concluded that the State's evidence was insufficient to support the commission of the underlying felony, the judgment on defendant's conviction for felony murder based on that underlying felony must be vacated. *See generally, State v. Ledford*, 315 N.C. 599, 606, 340 S.E.2d 309, 314 (1986) ("If the evidence presented at trial was insufficient to support a conviction of [the underlying felony], the judgment of conviction of first-degree felony murder based on that underlying felony cannot be sustained."); *State v. Bates*, 309 N.C. 528, 535, 308 S.E.2d 258, 263 (1983) ("Because there was insufficient evidence to support the commission of the underlying felony, there is also insufficient evidence to support defendant's conviction of felony murder."). Since defendant's conviction for felony murder has been vacated, it is not necessary to address his remaining arguments on appeal.

**Conclusion**

Based on the foregoing reasons, we reverse the order denying defendant's motion to dismiss based on insufficiency of

the evidence and vacate defendant's conviction for felony murder.

REVERSED.

Judges McGEE and ELMORE concur.

Report per Rule 30(e).