**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50517 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-02723-MMA-1 |
| v. |  |
| ANTONIO GALARZA-BAUTISTA, | MEMORANDUM[*] |
| Defendant - Appellant. |  |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted November 21, 2014
Pasadena, California

Before: W. FLETCHER and BYBEE, Circuit Judges, and EZRA, District Judge.[**]

Antonio Galarza-Bautista appeals his conviction under 8 U.S.C. § 1326.

Because any alien who is convicted of an aggravated felony at any time after

admission is ineligible for any relief from removal, 8 U.S.C. §§ 1227(a)(2)(A)(iii),

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable David A. Ezra, District Judge for the U.S. District Court for the Western District of Texas, sitting by designation.

1228(b)(5), an underlying aggravated felony conviction dooms any claim for relief based on a collateral attack of a predicate removal order in a prosecution for illegal reentry under 8 U.S.C. § 1326. *See, e.g.*, *United States v. Garcia-Martinez*, 228 F.3d 956, 963–64 (9th Cir. 2000). As relevant here, "aggravated felony" includes "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B).

Galarza-Bautista was convicted under North Carolina General Statutes Section 90-95(h)(3), which provides that "[a]ny person who sells, manufactures, delivers, transports, or possesses 28 grams or more of cocaine . . . shall be guilty of a felony, which felony shall be known as 'trafficking in cocaine[.]'" This statute is overbroad, as it covers simple possession, which is not a drug trafficking offense within the meaning of 18 U.S.C. § 924(c) or a drug offense with a trafficking element. *See Cazarez-Gutierrez v. Ashcroft*, 382 F.3d 905, 918 (9th Cir. 2004). However, it is divisible. By setting off alternative elements of the crime of "trafficking in cocaine" with the disjunctive "or," the text appears divisible on its face. This reading is confirmed by the North Carolina courts, which have held that subsection (h)(3) creates multiple, independent crimes. *See State v. Wiggins*, 648 S.E.2d 865, 872–74 (N.C. Ct. App. 2007) (analyzing the sufficiency of the

evidence for charges under subsection (h)(3) for trafficking in cocaine under both the possession and transportation alternatives); *State v. Garcia*, 433 S.E.2d 187, 190 (N.C. Ct. App. 1993) (holding that subsection (h)(3) creates "separate trafficking offenses for which a defendant may be separately convicted and punished"); *cf. State v. Hartness*, 391 S.E.2d 177, 179 (N.C. 1990) (holding that subsection (h)(1), which covers marijuana trafficking crimes, enumerates "discrete criminal offense[s]" for sale, manufacturing, delivery, transportation, and possession).

Because the statute is divisible, we apply the modified categorical approach. Under that approach, we examine "the terms of the charging document"; "recorded judicial acts of [the court of conviction] limiting convictions to the generic category, as in giving instruction to the jury" or "formal rulings of law and findings of fact"; and the "transcript of colloquy between [the] judge and [the] defendant in which the factual basis for the plea was confirmed by the defendant." *Shepard v. United States*, 544 U.S. 13, 20, 26 (2005). Galarza-Bautista incurred two convictions for violation of Section 90-95(h)(3) in October 2005 as the result of a guilty plea. The indictment for one offense charged Galarza-Bautista with "selling . . . 28 grams or more but less than 200 grams of cocaine" on June 5, 2003. The plea colloquy demonstrates that both charges were based on the sale of more than

28 grams of cocaine to the same undercover officer. Galarza-Bautista's attorney did not dispute the facts presented in the plea colloquy, and indeed confirmed that his client's motivation for the relevant conduct was "to make some quick money." It is clear based on the underlying documents that both convictions were under the "sale" element of Section 90-95(h)(3). The sale of a controlled substance is a drug trafficking crime for purposes of 8 U.S.C. § 1101(a)(43)(B). *See Lopez v. Gonzalez*, 549 U.S. 47, 53 (2006); *Rendon v. Mukasey*, 520 F.3d 967, 975–76 (9th Cir. 2008).

Galarza-Bautista also claims that the court improperly imposed a 16-level sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i). However, we have established that selling a controlled substance qualifies as "distribution" under the Sentencing Guidelines. *See United States v. Almazan-Becerra*, 537 F.3d 1094, 1099 (9th Cir. 2008).

**AFFIRMED.**