STATE OF NORTH CAROLINA v. MICHAEL TARVIS JACKSON

No. COA99-608

(Filed 18 April 2000)

## 1. Drugs— trafficking in cocaine—constructive possession— sufficiency of evidence

The trial court did not err in a trafficking in cocaine and possession of drug paraphernalia case by denying defendant's motion to dismiss based on insufficient evidence to show defendant constructively possessed the cocaine found in the bathroom because even though defendant had nonexclusive possession of the motel room, other incriminating circumstances exist to show defendant had the power and intent to control the substance, including evidence that police officers found $800 cash and 2.22 grams of cocaine in defendant's pants pocket.

## 2. Criminal Law— requested instruction—flight—applies only to defendant

The trial court did not err in a trafficking in cocaine and possession of drug paraphernalia case by denying defendant's request for a jury instruction that another person's flight may be considered to show consciousness of guilt because an instruction on flight applies to the flight of defendant and does not apply to any alleged flight of a witness.

## 3. Appeal and Error— preservation of issues—constitutional issue—no authority to preserve claim

Although defendant contends his claim of ineffective assistance of counsel should be preserved for a hearing in superior court, the issue of whether defendant received ineffective assistance of counsel is not properly before the Court under N.C. R. App. P. 28(a), and the Court of Appeals has no authority to preserve this claim for a hearing in superior court.

Appeal by defendant from judgment dated 2 December 1998 by Judge Timothy L. Patti in Mecklenburg County Superior Court. Heard in the Court of Appeals 14 March 2000.

*Attorney General Michael F. Easley, by Assistant Attorney General Clinton C. Hicks, for the State.*

*Haakon Thorsen for defendant-appellant.*

GREENE, Judge.

Michael Tarvis Jackson (Defendant) appeals jury verdicts finding him guilty of trafficking in cocaine and possession of drug paraphernalia.

The State presented evidence at trial that on 12 December 1997 at 4:30 p.m., David W. Powell (Powell), an officer with the Charlotte Police Department, went to a motel room in Charlotte, North Carolina to execute a search warrant for drugs and weapons. Powell was accompanied by several other officers, and when the officers arrived at the motel they saw a man later identified as Antonio Gaskins (Gaskins) standing in front of the motel room. After Gaskins looked in the direction of the officers, he ran into the motel room. The officers then executed the warrant by announcing themselves and breaking in the door of the motel room. The officers discovered Defendant, Gaskins, and Jemina Bryant (Bryant) in the room. After securing these three occupants, the officers searched the room. They found a clear plastic baggy and digital scales on a night stand beside the bed. They also found two bags in the tank of the toilet in the bathroom, and the Charlotte-Mecklenburg Crime Lab later determined one of these bags contained 28.96 grams of cocaine and the other contained 178.56 grams of cocaine. Finally, the officers found $800.00 cash and a small bag in Defendant's front pants' pocket, and the Charlotte-Mecklenburg Crime Lab later determined the bag contained 2.22 grams of cocaine.

At the close of the State's evidence, Defendant made a motion to dismiss the charges of trafficking in cocaine and possession of drug paraphernalia for insufficiency of evidence and the trial court denied the motion.

Bryant then testified on behalf of Defendant that Defendant was her boyfriend and she was staying with him in a motel room on 12 December 1997. She testified Gaskins allowed her and Defendant to stay in the room, and Gaskins would occasionally "checkup on the room." Gaskins came to the room at 4:30 p.m. on 12 December 1997 and he brought digital scales with him, which he placed on a dresser. Bryant stated the parties then ate pizza in the motel room and, after a few minutes, Gaskins began to walk out the door of the motel room. Gaskins was halfway out the door when he said " 'Oh, there go the police,' " and "ran back into the bathroom." Approximately thirty seconds later the police entered the motel room. Bryant then heard the lid being lifted off of the toilet tank in the bathroom.

Defendant testified that on 12 December 1997 Gaskins entered the motel room where Defendant and Bryant had been staying for approximately one and one-half days, and Gaskins had a set of scales in his possession. Gaskins later began to leave the room; however, after he had walked approximately two feet outside of the room he said " 'Police' " and "marched back into the door." Gaskins then "ran to the bathroom, and [Defendant] watched him, and he unzipped his top jacket pocket." Defendant observed Gaskins "lift the back lid of the toilet up and sit it right there on the round part that you have a seat on, and . . . drop [a bag containing a white substance] down in the water." Gaskins then placed the lid back onto the toilet.

Following Defendant's testimony, the State called Gaskins as a rebuttal witness. Gaskins testified he went to a motel room on 12 December 1997 because Defendant had invited him there to watch a basketball game on television, and he had not been to the motel room prior to that day. Gaskins stated he did not bring scales with him to the motel room, and he did not enter the bathroom while in the motel room.

At the close of evidence, Defendant renewed his motion to dismiss the charges of trafficking in cocaine and possession of drug paraphernalia for insufficiency of evidence, and the trial court denied the motion.

During the charge conference, Defendant requested a jury instruction stating:

"Defendant contends . . . Gaskins fled. Evidence of flight may be considered by you together with all other facts and circumstances in this case in determining whether the combined circumstances amount to an admission or show a consciousness of guilt."

The trial court denied Defendant's request for this instruction.

---

The issues are whether: (I) the record contains substantial evidence Defendant constructively possessed the cocaine found in the bathroom; (II) Defendant was entitled to a jury instruction stating Gaskins' alleged flight may be considered by the jury as evidence of consciousness of guilt; and (III) this Court has authority to "preserve[] for a hearing in Superior Court" Defendant's claim of ineffective assistance of counsel.

I

**[1]** Defendant argues the record does not contain substantial evidence Defendant constructively possessed the cocaine found in the bathroom, and his motion to dismiss for insufficiency of evidence, therefore, should have been granted. We disagree.

A motion to dismiss is properly denied if "there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense." *State v. Lynch*, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Franklin*, 327 N.C. 162, 171, 393 S.E.2d 781, 787 (1990). "When ruling on a motion to dismiss, all of the evidence should be considered in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence." *State v. Davis*, 130 N.C. App. 675, 679, 505 S.E.2d 138, 141 (1998).

To obtain a conviction for trafficking in cocaine, the State must prove: "1) possession of cocaine and 2) that the amount possessed was 28 grams or more." *State v. Mebane*, 101 N.C. App. 119, 123, 398 S.E.2d 672, 675 (1990), *overruled on other grounds, State v. Pipkins*, 337 N.C. 431, 446 S.E.2d 360 (1994); N.C.G.S. § 90-95(h)(3) (1999). Possession may be actual or constructive, and a defendant constructively possesses a substance when " 'he has both the power and intent to control its disposition or use.' " *State v. Leonard*, 87 N.C. App. 448, 455, 361 S.E.2d 397, 401 (1987) (quoting *State v. Harvey*, 281 N.C. 1, 12, 187 S.E.2d 706, 714 (1972)), *appeal dismissed and disc. review denied*, 321 N.C. 746, 366 S.E.2d 867 (1988). Constructive possession may be inferred when a defendant has exclusive control over the premises where a substance is found. *State v. Givens*, 95 N.C. App. 72, 76, 381 S.E.2d 869, 871 (1989). When a defendant has nonexclusive control over a premises, however, constructive possession may only be inferred when other incriminating circumstances exist to show Defendant had the power and intent to control the substance. *Id.*

In this case, the evidence shows Defendant, Gaskins, and Bryant were in the motel room when law enforcement officers entered the room and found cocaine. Defendant, therefore, had nonexclusive possession of the motel room. Law enforcement officers, however, found $800.00 cash and 2.22 grams of cocaine in the pocket of Defendant's pants. Based on these other incriminating circumstances, a reason-

able person could infer Defendant had the power and intent to control the cocaine found in the bathroom, and, therefore, constructively possessed the cocaine. Accordingly, the trial court properly denied Defendant's motion to dismiss for insufficiency of evidence.

II

[2] Defendant argues he was entitled to a jury instruction stating Gaskins' alleged flight may be considered to show consciousness of guilt. We disagree.

"[W]hen a defendant requests an instruction which is supported by the evidence and is a correct statement of the law, the trial court must give the instruction, at least in substance." *State v. Garner*, 340 N.C. 573, 594, 459 S.E.2d 718, 729 (1995), *cert. denied*, 516 U.S. 1129, 133 L. Ed. 2d 872 (1996). An instruction on flight is properly given to show consciousness of guilt when the record contains evidence "reasonably supporting the theory that *defendant* fled after commission of the crime charged." *State v. Irick*, 291 N.C. 480, 494, 231 S.E.2d 833, 842 (1977) (emphasis added); N.C.P.I., Crim. 104.35. The sole rationale for instructing a jury on flight is that a defendant's flight from the scene of a crime for which he has been charged may be some evidence the defendant committed the crime. *See State v. Self*, 280 N.C. 665, 672, 187 S.E.2d 93, 97 (1972) ("accused's flight from a crime shortly after its commission is admissible as evidence of guilt"). An instruction on flight is therefore *sui generis* to the flight of a *defendant*, and does not apply to any alleged flight of a witness. Accordingly, Defendant was not entitled to a jury instruction regarding Gaskins' alleged flight.

III

[3] Defendant does not argue in his brief to this Court that he received ineffective assistance of counsel; rather, he argues his claim of ineffective assistance of counsel "should be preserved for a hearing in Superior Court." The issue of whether Defendant received ineffective assistance of counsel, therefore, is not properly before this Court. N.C.R. App. P. 28(a). Additionally, this Court has no authority to "preserve[] for a hearing in Superior Court" Defendant's ineffective assistance of counsel claim.

Defendant did not argue in his brief to this Court his additional assignments of error, and, therefore, they are deemed abandoned. N.C.R. App. P. 28(b)(5).

No error.

Judges WALKER and TIMMONS-GOODSON concur.