STATE OF NORTH CAROLINA v. WALTER ANTHONY ALSTON, JR.

No. COA08-230

(Filed 18 November 2008)

**Drugs— constructive possession—sufficiency of evidence**

The State presented sufficient evidence that defendant constructively possessed the requisite amount of cocaine for a trafficking charge where defendant was the drug supplier for the renter of a house (Hughes), Hughes usually did not keep his cocaine in the house, defendant had sold cocaine from the entertainment room (where the drugs in issue were found) earlier in the day, and officers found defendant's gun in the entertainment room. Defendant's statement that he owned a lesser amount of cocaine in another room but not the cocaine in the entertainment room was not binding on the State.

Judge ELMORE dissenting.

Appeal by defendant from judgment entered 8 August 2007 by Judge R. Stuart Albright in Guilford County Superior Court. Heard in the Court of Appeals 10 September 2008.

STATE v. ALSTON

[193 N.C. App. 712 (2008)]

*Attorney General Roy Cooper, by Special Deputy Attorney General Kathryn Jones Cooper, for the State.*

*Duncan B. McCormick, for defendant-appellant.*

CALABRIA, Judge.

Walter Anthony Alston, Jr. ("defendant") appeals a judgment entered upon a jury verdict finding him guilty of trafficking in cocaine by possessing more than twenty-eight grams but less than two hundred grams of cocaine. We find no error.

From 28 November 2006 until 1 February 2007, Guilford County Sheriff's officers ("the officers") investigated drug activity at 300 Regan Street, Greensboro, North Carolina ("the home"). On 1 February 2007, the officers executed a search warrant at the home, using a battering ram to enter the home. The home was occupied by five people: Jimmy Wayne Knight ("Knight"), Yvonne Bio ("Bio"), Justin Hughes ("Hughes"), defendant, and Ruth Reyes ("Reyes"). Knight owned the home and rented it to Hughes. Knight permitted Hughes and defendant to sell cocaine from the home and accepted one third of the proceeds from the sales. When the officers came into the home, defendant ran down a hallway and crashed into a locked storm door. An officer observed defendant make a throwing motion toward the living room, but did not see anything leave defendant's hand. The defendant retreated and was arrested in the living room. Knight and Bio were detained in the kitchen. Hughes was detained in the entertainment room. Defendant and Reyes were detained in the living room.

The officers found 7.3 grams of cocaine in the living room and 32.8 grams of cocaine in the entertainment room.[1] The cocaine in the entertainment room was found in varying amounts around the room. Officers found 12.3 grams on the floor, 11.3 grams on a shelf near the VCR, 7.5 grams on the floor near the nightstand, 0.3 grams on the floor near one of the doors, 0.1 grams on the floor, and 1.3 grams on top of a bureau. In addition to the cocaine, officers found other items in the entertainment room. Specifically, they found a loaded .38 revolver, a laser pointer, two-hundred seventy dollars in cash, a razor

---

1. State Bureau of Investigation Special Agent Shane Moore testified the cocaine found in the living room weighed 6.5 grams and the cocaine found in the entertainment room weighed 30.6 grams. The parties do not dispute that more than twenty-eight grams of cocaine were found in the entertainment room.

blade and a metal measuring cup, which appeared to be used to cook crack cocaine. The revolver belonged to the defendant and the cash belonged to Hughes. Hughes sold drugs for the defendant. Defendant acknowledged that he owned the cocaine found in the living room.

Defendant was charged with trafficking in cocaine by possessing more than twenty-eight grams but less than two hundred grams of cocaine and possession with the intent to sell or deliver cocaine. Defendant was also charged with possession with intent to sell and deliver marijuana and possession of a firearm by a felon. Defendant pled guilty to the charges of possession of a firearm and possession with intent to sell and deliver marijuana. Trial was held on 2 August 2007 before the Honorable Stuart Albright of Guilford County Superior Court. Defendant moved to dismiss the charge of trafficking by possession at the close of the State's evidence. The trial court denied the motion. The jury returned a verdict finding defendant guilty of trafficking cocaine by possession and guilty of possession with intent to sell and deliver cocaine. The trial court consolidated the charges and sentenced defendant to serve a minimum term of thirty-five months to a maximum term of forty-two months in the North Carolina Department of Correction. Subsequently, the trial court imposed a consecutive active sentence of thirteen to sixteen months for possession of a firearm by a felon. Defendant appeals the trial court's denial of the motion to dismiss the charge of trafficking in cocaine by possession.

## I. Standard of Review

"In ruling upon a motion to dismiss, the trial court must examine the evidence in the light most favorable to the [S]tate, giving the [S]tate the benefit of all reasonable inferences which may be drawn from the evidence." *State v. Autry*, 101 N.C. App. 245, 251, 399 S.E.2d 357, 361 (1991) (citations omitted). A motion to dismiss is properly denied where the State presents substantial evidence of each element of the crime charged and that defendant is the perpetrator of the offense. *State v. Lynch*, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Brown*, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984). "Circumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence." *State v. Stone*, 323 N.C. 447, 452, 373 S.E.2d 430, 433 (1988).

## II. Analysis

Defendant argues the trial court should have dismissed the trafficking in cocaine charge because the State failed to prove he possessed more than twenty-eight grams of cocaine. Defendant contends the State presented insufficient evidence of possession under either a constructive possession or acting in concert theory. Since we conclude that the State presented sufficient evidence to support the charge under a constructive possession theory, we do not need to address defendant's argument that the State did not present substantial evidence under an acting in concert theory. *State v. Garcia*, 111 N.C. App. 636, 639-40, 433 S.E.2d 187, 189 (1993) (to prove possession of a controlled substance, the State must prove actual possession, constructive possession, or acting in concert with another to commit a crime).

In order to support a charge of trafficking cocaine, the State must prove that defendant (1) knowingly possessed cocaine and (2) that the amount possessed was twenty-eight grams or more. *State v. Jackson*, 137 N.C. App. 570, 573, 529 S.E.2d 253, 256 (2000). The "knowingly possessed" element of the offense of trafficking by possession may be established by showing that: (1) defendant had actual possession; (2) defendant had constructive possession; or (3) defendant acted in concert with another to commit the crime. *State v. Diaz*, 155 N.C. App. 307, 313, 575 S.E.2d 523, 528 (2002); *State v. Reid*, 151 N.C. App. 420, 428, 566 S.E.2d 186, 192 (2002). A person has actual possession of a controlled substance if it is on his person, he is aware of its presence, and, either by himself or together with others, he has the power and intent to control its disposition or use. *Reid*, 151 N.C. App. at 428-29, 566 S.E.2d 192. "Constructive possession [of a controlled substance] occurs when a person lacks actual physical possession, but nonetheless has the intent and power to maintain control over the disposition and use of the [controlled] substance." *State v. Wilder*, 124 N.C. App. 136, 139-40, 476 S.E.2d 394, 397 (1996) (citation omitted) (concluding sufficient evidence for jury to infer possession where officer observed defendant throw an object in the bushes and officers recovered a bag of cocaine from that location). "[U]nless the person has exclusive possession of the place where the narcotics are found, the State must show other incriminating circumstances before constructive possession may be inferred." *State v. Davis*, 325 N.C. 693, 697, 386 S.E.2d 187, 190 (1989) (citation omitted).

In the case *sub judice*, since defendant did not have exclusive possession of the home, the State was required to present sufficient

evidence of incriminating circumstances in order to allow the jury to infer defendant constructively possessed the cocaine found in the entertainment room. *Id.*

> Incriminating circumstances relevant to constructive possession
>
> include evidence that defendant: (1) owned other items found in proximity to the contraband; (2) was the only person who could have placed the contraband in the position where it was found; (3) acted nervously in the presence of law enforcement; (4) resided in, had some control of, or regularly visited the premises where the contraband was found; (5) was near contraband in plain view; or (6) possessed a large amount of cash.

*State v. Miller*, 191 N.C. App. 124, 127, 661 S.E.2d 770, 773 (2008) internal citations omitted). Evidence of conduct by the defendant indicating knowledge of the controlled substance or fear of discovery is also sufficient to permit a jury to find constructive possession. *State v. Turner*, 168 N.C. App. 152, 156, 607 S.E.2d 19, 22-23 (2005). Our determination of whether the State presented sufficient evidence of incriminating circumstances depends on "the totality of the circumstances in each case. No single factor controls, but ordinarily *the questions will be for the jury.*" *State v. McBride*, 173 N.C. App. 101, 106, 618 S.E.2d 754, 758 (2005) (citations and internal quotations omitted).

In *Miller*, this Court held an inference of constructive possession was not supported by substantial evidence where the only evidence linking defendant to the cocaine was his proximity to the cocaine and his birth certificate found in the same room as the cocaine. *Miller*, 191 N.C. App. at 127, 661 S.E.2d at 773. However in *State v. Matias*, 354 N.C. 549, 552, 556 S.E.2d 269, 271 (2001), proximity to the contraband plus testimony that defendant was the only person likely to have placed it in the location found were sufficient circumstances for a jury to infer constructive possession.

Viewing the evidence in the light most favorable to the State and giving it the benefit of all inferences raised, we conclude the State presented sufficient evidence of incriminating circumstances for the jury to infer defendant constructively possessed the cocaine found in the entertainment room. In particular, the State presented evidence tending to show defendant regularly visited and sold drugs from 300 Regan Street, defendant was present in the entertainment room prior to the officers entering the home, defendant sold crack cocaine to

STATE v. ALSTON

[193 N.C. App. 712 (2008)]

Reyes in the entertainment room earlier that evening, Hughes usually did not keep more than one gram of cocaine on his person and kept his cocaine buried in the yard, the defendant was Hughes' drug supplier, and defendant's gun was found in the entertainment room. Accordingly, we find no error.

Defendant also argues that because the State introduced evidence that defendant told the officers he owned the cocaine in the living room but not the cocaine in the entertainment room, the State is bound by that statement. *See State v. Carter,* 254 N.C. 475, 479, 119 S.E.2d 461, 464 (1961) (State is bound by exculpatory statements by defendant introduced into evidence which are not contradicted or shown to be false by other facts or circumstances in evidence). We disagree. The State also presented evidence from which the jury could infer that defendant possessed the cocaine in the entertainment room: defendant was Hughes' drug supplier, that Hughes usually did not keep his cocaine in the house, defendant sold cocaine from the entertainment room earlier that day, and officers found defendant's gun in the entertainment room.

No error.

Judge TYSON concurs.

Judge ELMORE dissents by separate opinion.

ELMORE, Judge, dissenting.

I do not believe that the State established defendant's constructive possession of the cocaine in the entertainment room by presenting additional incriminating circumstances sufficient to deny defendant's motion to dismiss. Therefore, I respectfully dissent.

Simply put, there were too many other people with an interest in the cocaine to properly infer that defendant had constructive possession of the cocaine: There were four people besides defendant in the house at the time of the "bust." One of those four people, Hughes, was also a drug dealer. A second person, Knight, received payment *in kind* from both defendant and Hughes for allowing them to use his house to sell drugs. The other two people, Bio and Reyes, were both drug users who were in the house for the purpose of purchasing and using cocaine. Moreover, Knight's arrangement with defendant suggests that Knight, rather than defendant, was the owner of at least

some of the cocaine in the entertainment room. As the owner, Knight, rather than defendant, would have had the intent and power to maintain control over his portion of the cocaine's use and disposition. Because of these factors, I disagree with the majority's conclusion that the State proved that defendant had constructive possession of the cocaine found in the entertainment room, and therefore would hold that the State failed to establish that he knowingly possessed twenty-eight grams or more of cocaine.

Accordingly, I would hold that the trial court erred by denying defendant's motion to dismiss and would vacate defendant's conviction for trafficking in cocaine by possessing more than twenty-eight grams but less than two hundred grams of cocaine.