DILLON, Judge.
Alton Brandon Jefferies ("Defendant") appeals from a conviction for intentionally maintaining a dwelling house for keeping and selling marijuana and misdemeanor possession of marijuana. For the following reasons, we find no error in Defendant's trial.
I. Background
Defendant was tried for various drug offenses in Guilford County Superior Court. The State's evidence at trial tended to show as follows: In December 2012, law enforcement officers went to Defendant's residence in response to complaints that he was selling illegal drugs. Officers knocked on Defendant's front door, and Defendant answered and allowed the Officers inside. Defendant was home alone. Upon entering the residence, the Officers detected a strong odor of marijuana. Defendant admitted to the Officers that he had smoked inside the residence a couple hours previously. He then stated, "Well, I know why you guys are here. It's about the plants, isn't it?" He explained that he had a housemate, and together they had been trying to grow marijuana in his basement. Recently, he got in an argument with his girlfriend and evicted her from the residence and assumed that she had informed police that they were growing marijuana. Based on this concern, Defendant and his housemate had disposed of the plants along a highway.
Based on Defendant's statements, Officers gained consent to search the house and discovered in the basement seventeen buckets filled with soil, halogen lights and mirrors pointing towards the buckets, bags of potting soil, and fans. Officers also found 12.3 grams of marijuana on a basement shelf and pieces of a marijuana leaf on the basement floor. Officers also discovered marijuana clippings on the kitchen counter in a small Tupperware container and a digital scale inside the residence. Defendant stipulated at trial that it was his residence.
Defendant testified that he told the Officers that he did not sell drugs and that it was his housemate's girlfriend that was growing the marijuana plants in his basement. Once Defendant discovered the plants, he kicked her out of his house and disposed of the plants.
The jury found Defendant guilty of (1) possession of marijuana and (2) intentionally maintaining a dwelling house that was used for the purpose of unlawfully keeping controlled substances. The trial court consolidated the convictions and sentenced Defendant to a minimum of 6 to 17 months of imprisonment but suspended that sentence for a period of 24 months of supervised probation. Defendant gave notice of appeal in open court.
II. Analysis
On appeal, Defendant contends that the trial court erred in denying his motion to dismiss the charges made during the course of the trial.
The standard of review for a trial court's denial of a defendant's motion to dismiss for insufficiency of the evidence is well established:
A defendant's motion to dismiss should be denied if there is substantial evidence of: (1) each essential element of the offense charged, and (2) of defendant's being the perpetrator of the charged offense. Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.
State v. Johnson,203 N.C.App. 718, 724, 693 S.E.2d 145, 148 (2010) (marks omitted). Additionally, "[t]he Court must consider the evidence in the light most favorable to the State and the State is entitled to every reasonable inference to be drawn from that evidence. Contradictions and discrepancies do not warrant dismissal of the case but are for the jury to resolve." State v. Phillpott,213 N.C.App. 468, 478, 713 S.E.2d 202, 209 (2011). We turn to address Defendant's challenge to each charge.
A. Possession of marijuana
Defendant contends that the trial court erred in denying his motion to dismiss the charge of possession of marijuana because the State failed to put forth substantial evidence of actual or constructive possession of the marijuana. Specifically, Defendant argues that there was no actual possession because no marijuana was found on his person and that there was no constructive possession because the State did not put forth evidence that he had exclusive possession of the home or rooms where the marijuana was found.
Defendant was convicted of misdemeanor possession of marijuana pursuant to N.C. Gen.Stat. § 90-95(d)(4)(2013). Possession of a controlled substance may be actual or constructive. State v. McLaurin,320 N.C. 143, 146, 357 S.E.2d 636, 638 (1987). "A person has actual possession of a controlled substance if it is on his person, he is aware of its presence, and, either by himself or together with others, he has the power and intent to control its disposition." State v. Alston,193 N.C.App. 712, 715, 668 S.E .2d 383, 386 (2008), aff'd,363 N.C. 367, 677 S.E.2d 455 (2009). Since no marijuana was found on Defendant's person, the State was required to demonstrate Defendant's constructive possession.
"Constructive possession occurs when a person lacks actual physical possession, but nonetheless has the intent and power to maintain control over the disposition and use of the substance." State v. Wilder,124 N.C.App. 136, 139-40, 476 S.E.2d 394, 397 (1996). "When a defendant does not have exclusive possession of the location where the drugs are found, the State is required to show 'other incriminating circumstances' in order to establish constructive possession." State v. Steele,201 N.C.App. 689, 692, 689 S.E.2d 155, 158-59 (2010). Incriminating circumstances relevant to constructive possession
include evidence that defendant: (1) owned other items found in proximity to the contraband; (2) was the only person who could have placed the contraband in the position where it was found; (3) acted nervously in the presence of law enforcement; (4) resided in, had some control of, or regularly visited the premises where the contraband was found; (5) was near contraband in plain view; or (6) possessed a large amount of cash.
Alston,193 N.C.App. at 716, 668 S.E.2d at 386. "Evidence of conduct by the defendant indicating knowledge of the controlled substance ... is also sufficient to permit a jury to find constructive possession." Id."[C]onstructive possession depends on the totality of circumstances in each case." State v. James,81 N.C.App. 91, 93, 344 S.E.2d 77, 79 (1986).
Here, even though marijuana was found in Defendant's home, evidence was presented that Defendant had a housemate and, therefore, he did not have exclusive possession of the residence. However, we conclude that there was "other incriminating circumstances" to show constructive possession. Specifically, Defendant stipulated at trial that the home was his residence; Defendant was home alone when Officers knocked on his door; he admitted that he had been smoking marijuana shortly before the Officer's arrival; as to knowledge of the controlled substance, Defendant admitted that he had been growing marijuana in the basement and only destroyed the plants after getting into a fight with his girlfriend out of fear she would call police; as to proximity to Defendant's things, Officers found 12.3 grams of marijuana on a shelf in the basement and pieces of a marijuana leaf in the same location as the buckets of dirt, halogen lights, and growing equipment Defendant had been using. When viewed in the light most favorable to the State, a reasonable inference from this evidence and the other evidence found in his residence would show that Defendant had been involved in growing and processing marijuana and therefore, had the intent and power to maintain control over the disposition and use of the marijuana. See State v. Beaver,317 N.C. 643, 649-50, 346 S.E.2d 476, 480-81 (1986) (in finding sufficient evidence of the defendant's constructive possession of marijuana after noting "that the defendant specifically stated to the officers that he had known that the marijuana plants were growing behind his residence" and that an inference could be made from other evidence presented that the defendant had been recently tending and cultivating the marijuana plants). Accordingly, the trial court did not erred in denying Defendant's motion to dismiss this charge.
B. Intentionally maintaining a dwelling house for the keeping of marijuana
Defendant next contends that the trial court erred in denying his motion to dismiss the charge of intentionally maintaining a dwelling for the keeping of marijuana because the State failed to put forth substantial evidence that he owned or maintained his home or that he maintained the home for the purpose of keeping marijuana for a long duration of time. Defendant argues that at best the State's evidence shows some minimal amount of clippings of marijuana and temporary possession, as the Detectives testified that he had attempted to grow marijuana plants but had thrown them out.
The statute under which Defendant was convicted provides that it is unlawful for any person "[t]o knowingly keep or maintain any ... dwelling house, ... or any place whatever, ... for the purpose of using [controlled] substances, or which is used for the keeping or selling of the same[.]" N.C. Gen.Stat. § 90-108(a)(7) (2013). In this context, "knowingly" "means a person is aware of a high probability of a given activity's existence, whereas a person acts intentionally if he or she desires to cause the consequences of his or her act or that he or she believes the consequences are substantially certain to result." State v. Moore,188 N.C.App. 416, 423, 656 S.E.2d 287, 292 (2008). For purposes of this statute, "maintain" means "to bear the expense of; carry on ... hold or keep in an existing state or condition[.]" State v. Allen,102 N.C.App. 598, 608, 403 S .E.2d 907, 913 (1991), rev'd on other grounds,332 N.C. 123, 418 S.E.2d 225 (1992). "Keep," for purposes of a charge under this statute "denotes not just possession, but possession that occurs over a duration of time." State v. Thompson,188 N.C.App. 102, 105, 654 S.E.2d 814, 817 (2008). "The determination of whether a building or other place is used for keeping or selling a controlled substance will depend on the totality of the circumstances."State v. Frazier,142 N.C.App. 361, 366, 542 S .E.2d 682, 686 (2001) (marks omitted).
Here, Defendant told Officers that he resided in the home and stipulated to this fact at trial. Defendant consistently referred to the residence as his home, and Detectives found mail with Defendant's name on it inside the residence. Therefore, there was sufficient evidence to show that Defendant intentionally maintained the residence.
As to "keeping," Defendant admitted to Officers that he had been growing marijuana in the basement. In support of this evidence, Officers found not only clippings from marijuana leaves, but also pots filled with dirt, growing lights, cooling fans, other growing equipment, and digital scales, and, as determined above, Defendant was in constructive possession of the marijuana found near this equipment. As it could be easily inferred from this evidence that Defendant was growing marijuana plants in his basement, which would take some time to occur, this evidence shows that there would be intentional "keeping" that was not temporary, but which occurred over a duration of time, satisfying this element.[1]
Therefore, viewing the evidence in the light most favorable to the State, we hold that the State put forth substantial evidence to show that Defendant intentionally maintained the residence for the purpose of keeping the controlled substance, marijuana. Accordingly, the trial court did not erred in denying Defendant's motion to dismiss.
For the foregoing reasons, we find no error in Defendant's trial. NO ERROR.
Judges ELMORE and GEER concur.
Report per Rule 30(e).
Opinion
Appeal by Defendant from judgment entered 22 July 2014 by Judge R. Stuart Albright in Guilford County Superior Court. Heard in the Court of Appeals 23 April 2015.

We find the case, State v. Mitchell, 336 N.C. 22, 33, 442 S . E.2d 24, 30 (1994), cited by Defendant in support of his argument, to be clearly distinguishable. In Mitchell, the Court held that evidence showing that "the controlled substance was temporarily in a vehicle" was insufficient to satisfy the elements of this crime. Id. As discussed above, evidence was presented that Defendant had been growing marijuana in his residence for some duration of time.