DILLON, Judge.
Wayre Dyron Mitchell ("Defendant") appeals from a conviction for possession of a firearm by a convicted felon. For the following reasons, we find no error in Defendant's trial.
I. Background
Defendant was indicted for possession of a firearm by a convicted felon and felony possession of a stolen firearm. Defendant was tried on these charges at the 9 July 2014 Criminal Session of Wake County Superior Court. The State's evidence tended to show that on 2 May 2013 Raleigh Police Department executed a search warrant at a two bedroom, single bathroom, mobile home. During the search, detectives found a loaded .45 caliber Sig Sauer handgun under the cabinet of the sink in the bathroom. Also, two high capacity rifle magazines were found in the rear bedroom.
In searching for documents to identify who was living in the mobile home, detectives found numerous articles belonging to Defendant along with two photographs depicting Defendant. Defendant stipulated at trial that he was a convicted felon.
Police also found articles belonging to other individuals in other rooms of the mobile home.
Defendant was interviewed by a detective and admitted that he was temporarily residing in the mobile home. Regarding the handgun, Defendant told the detective that he held the gun, unloaded it, and gave it to his father.
Defendant did not present evidence at trial.
The jury found Defendant guilty of possession of a firearm by a convicted felon, but acquitted him of the charge of felony possession of a stolen firearm. The trial court sentenced Defendant to a term of 17 to 30 months of imprisonment for the conviction. Defendant gave notice of appeal in open court.
II. Analysis
On appeal, Defendant contends that the trial court erred in admitting certain evidence of the two rifle magazines and in denying his motion to dismiss.
A. Admission of Evidence
Defendant contends that the trial court erred in admitting into evidence two high-capacity magazines used in rifles that were found during the police search because this evidence was irrelevant, and its probative value was substantially outweighed by the danger of unfair prejudice because the jury may have inferred that he was "connected to assault weapons." He concludes that because the State's evidence of constructive possession was weak, it was probable that "[a]bsent the challenged evidence, ... the jury would have reached a different result."[1]
We hold that any error to the reference of these two magazines was due to Defendant's invited error and, therefore, Defendant has waived this argument.
At the beginning of trial in his motion in limine,Defendant asked the trial court not to allow the State to present evidence regarding the two rifle magazines, which was denied by the trial court.
When a detective testified during the State's case in chief, he stated during the State's direct examination that police found one handgun with a loaded magazine but stated that they did not find any other ammunition or any other firearms in the residence, making no mention of the two rifle magazines. On cross-examination, however, defense counsel elicited information about the two rifle magazines:
[Defense Counsel:] Also yesterday I asked you did you locate any other ammunition in the residence, and you indicated that you did not-or actually, your language is I can't recall.
[Detective Ladd:] Yes, we did locate magazines, no ammo. Q. So you located magazines-
A. Two high capacity magazines.
Q. All right. And when you say two high capacity magazines, are they for ammunition for where ammunition goes into?
A. Yes, sir.
Q. All right. And were there any bullets located within those magazines?
A. No, sir.
Q. And when you-the magazines, did they belong to-or not belong to, but could they be used in the gun that was recovered in this situation?
A. No, sir.
Q. Okay. And so they were-they belong to some other weapon, would that be fair to say?
A. Correct. An AR 15 or SKS style assault rifle.
Q. And that was located in the back bedroom; is that correct?
A. Correct.
Defense counsel raised no objection to Detective Ladd's testimony that he elicited during cross-examination. On redirect, the State clarified Detective Ladd's testimony regarding the magazines and again defense counsel raised no objection. Also, later another State witness testified regarding the magazines found in the bedroom over no objection from defense counsel.
"It is well established that a defendant who causes or joins in causing the trial court to commit error is not in a position to repudiate his action and assign it as ground for a new trial." State v. Jones,213 N.C.App. 59, 67, 711 S.E.2d 791, 796 (2011) (marks omitted). In State v. Barber,147 N.C.App. 69, 74, 554 S.E.2d 413, 416 (2001) (marks omitted), we further recognized that pursuant to North Carolina General Statutes § 15A-1443(c) "a defendant is not prejudiced ... by error resulting from his own conduct. Thus, a defendant who invites error has waived his right to all appellate review concerning the invited error."
Here, the contended evidence was introduced not by the State but by defense counsel during his cross-examination of the witness, and defense counsel made no objection or motion to strike this testimony. Even though defense counsel objected to this evidence during the motion in limine,our Courts have "frequently ... held that when, as here, evidence is admitted over objection, but the same or similar evidence has been previously admitted or is later admitted without objection, the benefit of the objection is lost." State v. Hunt,325 N.C. 187, 196, 381 S.E.2d 453, 459 (1989). Assuming arguendoany error in this evidence, it would be invited error by Defendant, as it was elicited by defense counsel during cross examination, waiving appellate review of this issue.[2]
B. Motion to Dismiss
Defendant next contends that the trial court erred in denying his motion to dismiss the charge of possession of a firearm by a felon because the State failed to produce evidence that he constructively possessed the firearm, as alleged in the indictment.
The standard of review for a trial court's denial of a defendant's motion to dismiss for insufficiency of the evidence is well established:
A defendant's motion to dismiss should be denied if there is substantial evidence of: (1) each essential element of the offense charged, and (2) of defendant's being the perpetrator of the charged offense. Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.
State v. Johnson,203 N.C.App. 718, 724, 693 S.E.2d 145, 148 (2010) (marks omitted). Additionally, "[t]he Court must consider the evidence in the light most favorable to the State and the State is entitled to every reasonable inference to be drawn from that evidence. Contradictions and discrepancies do not warrant dismissal of the case but are for the jury to resolve." State v. Phillpott,213 N.C.App. 468, 478, 713 S.E.2d 202, 209 (2011).
N.C. Gen.Stat. § 14-415.1(a) (2012) states in pertinent part, that it is "unlawful for any person who has been convicted of a felony to purchase, own, possess, or have in his custody, care, or control any firearm...." Defendant does not challenge his status as a convicted felon; therefore, the only element of the offense we must consider on appeal is possession.
Possession of the firearm may be actual or constructive. State v. Bradshaw,366 N.C. 90, 93, 728 S.E.2d 345, 348 (2012). "Constructive possession occurs when a person lacks actual physical possession, but nonetheless has the intent and power to maintain control over the disposition and use of the [contraband]." State v. Acolatse,158 N.C.App. 485, 488, 581 S.E.2d 807, 810 (2003) (marks omitted). "However, unless the person has exclusive possession of the place where the [contraband is] found, the State must show other incriminating circumstancesbefore constructive possession may be inferred." State v. Tisdale,153 N.C.App. 294, 297, 569 S.E.2d 680, 682 (2002) (emphasis added) (marks omitted). "Incriminating circumstances" relevant to constructive possession may include the fact that the defendant owned other items found in proximity to the contraband and that defendant resided in, had some control of, or regularly visited the premises where the contraband was found, State v. Alston,193 N.C.App. 712, 716, 668 S.E.2d 383, 386 (2008), aff'd, 363 N.C. 367, 677 S.E.2d 455 (2009), and, further, evidence indicating the defendant's knowledge of the weapon "is also sufficient to permit a jury to find constructive possession." Id."[C]onstructive possession depends on the totality of circumstances in each case." State v. James,81 N.C.App. 91, 93, 344 S.E.2d 77, 79 (1986).
Here, evidence was presented that Defendant lived at the residence where the handgun was found, but Defendant did not have "exclusive possession" because there was evidence that other people also resided in the trailer. However, the State presented "incriminating circumstances" sufficient to show that Defendant constructively possessed the .45 handgun. For instance, Defendant's possessions were found within close proximity of the handgun and Defendant admitted to a detective that he was residing at the trailer and that he held a handgun and removed ammunition from it. Even though Defendant argues that in his statement he was not specific about what firearm he held, when all the evidence is viewed in the light most favorable to the State, a reasonable inference could be made that Defendant was referring to this particular handgun.[3] Any discrepancies in and the weight to give this evidence was for the jury to resolve. All of this evidence together indicate the ability and intent by Defendant to exert control over the handgun. Accordingly, the trial court properly denied Defendant's motion to dismiss.
For the foregoing reasons, we find no error in Defendant's trial.
NO ERROR.
Judges CALABRIA and ELMORE concurs.
Report per Rule 30(e).
Opinion
Appeal by Defendant from judgment entered 10 July 2014 by Judge Reuben F. Young in Wake County Superior Court. Heard in the Court of Appeals 3 June 2015.

Defendant also argues that the admission of this evidence violated his constitutional right to due process. However, we will not consider this argument because Defendant failed to raise this constitutional issue before the trial court. See State v. Gainey, 355 N.C. 73, 110, 558 S.E.2d 463, 486 (2002).

We also note that ordinarily, if Defendant had requested, we would be permitted plain error review of his alleged evidentiary errors pursuant to N.C. R.App. P. 10(a)(4). But "a defendant who invites error has waived his right to all appellate review concerning the invited error, including plain error[.]" State v. Spence, --- N.C.App. ----, ----, 764 S.E.2d 670, 677 (2014).

As to Defendant's statement to the detective, we note that "an extrajudicial confession, standing alone, is not sufficient to sustain a conviction of a crime." State v. Cox, 367 N.C. 147, 151, 749 S.E.2d 271, 275 (2013). When the State relies on such a statement, the corpus delicti rule is applied which requires the State to present corroborating evidence, independent of the Defendant's confession. Id. The State presented corroborating evidence that Defendant lived at the residence, supporting constructive possession, but not of actual possession, beyond Defendant's statement.