STATE OF NORTH CAROLINA v. ANDREW WALLACE POOLE

No. 7427SC568.

(Filed 2 January 1975)

Larceny § 7— larceny of automobile — sufficiency of circumstantial evidence

    In a prosecution for larceny of an automobile, evidence though circumstantial was sufficient to be submitted to the jury where it tended to show that a building was entered and a car was stolen, a "junker" car was tampered with, fingerprints taken from the junker car matched defendant's prints, defendant admitted having the keys to a red 1966 Ford which still had dealer plates on it, defendant admitted driving the car, an officer from the town where the car was stolen saw a red 1966 Ford while he was in the city in which defendant was arrested, the officer checked the serial number of the car, and he identified it as being the stolen car.

APPEAL by defendant from *Ervin, Judge,* 4 March 1974 Session of Superior Court held in LINCOLN County. Argued before the Court of Appeals 21 October 1974.

Defendant was charged in a bill of indictment with larceny of an automobile. A plea of not guilty was entered, and a verdict of guilty as charged was returned.

On 29 May 1973 John Burgin returned to Tom's Used Cars, the car lot where he was employed, to find that the blades of an exhaust fan had been bent in such a manner as to afford entrance into the building. Burgin noticed that all the keys to the cars parked on the lot were missing. One of the cars, a red 1966 Ford Galaxie, was also missing.

Thomas Burgin, brother of John Burgin and a police officer with the City of Lincolnton, investigated the theft of the Ford from Tom's Used Cars. During his investigation Officer Burgin's attention was called to a 1963 Ford parked on the west side of the lot. This automobile was a "junker" car and would not start because it had a dead battery. A number of burned matches were scattered about the floorboard, and several wires were dangling from the dashboard as if someone had attempted to "straight wire" the car. Officer Burgin lifted a set of fingerprints from the dashboard of this car and mailed them to the State Bureau of Investigation.

On *voir dire* Officer Burgin testified about a conversation he had with defendant on 5 June 1973 in the Asheville Jail. Burgin stated that after being advised of his rights, defendant signed a waiver form and made a statement. Burgin then read the statement. It tended to show that defendant had been picked up while hitchhiking by a man in a 1966 Ford. The man told defendant that he was a car dealer and offered to sell the car to defendant for $300.00. He asked defendant to drive. Upon arriving in Asheville, the man, defendant, his wife, and a woman who had joined them went to a motel and then to a bar. Defendant stated that he "got loaded" and has not seen the man or woman since that time. When he was picked up by police, defendant admitted having the keys to the 1966 Ford in his possession. He also admitted driving the car, but denied ever having been in Lincolnton. Although the statement was not signed by defendant, Officer Burgin stated that defendant had adopted and approved it.

The trial court, after hearing this testimony, made findings of fact regarding the admissibility of the statement. The court found that it had been properly obtained and was ·admissible, provided parts concerning the prior arrest record· of

defendant and the observation of an Asheville policeman that defendant had entered the motel alone were concealed from the jury's view.

Burgin further testified that while in Asheville he had seen a red 1966 Ford automobile and had matched the serial number of that car to the one stolen from Tom's Used Cars. When Burgin later went to Asheville to talk with defendant, he took one Roy Richards with him to drive the car back to Lincolnton.

The State also introduced the testimony of Steven R. Jones, Supervisor of the Identification Division of the State Bureau of Investigation. Jones stated that he had examined the prints taken from the dashboard of the 1963 "junker" automobile and had compared them with a set of prints taken from the defendant. In his opinion both sets were made by the same person.

The defendant offered no evidence.

From a verdict of guilty and a sentence of not less than three years nor more than five years imposed thereon, defendant appeals, setting forth three assignments of error.

*Attorney General Carson, by Associate Attorney Reilly, for the State.*

*Wilson & Lafferty, by John O. Lafferty, Jr., for the defendant-appellant.*

BROCK, Chief Judge.

By his second assignment of error defendant contends that the trial court erred when it denied his motions for judgment as of nonsuit.

It is well settled that on motion to nonsuit, the evidence must be considered in the light most favorable to the State, and the State is entitled to every reasonable intendment thereon and every reasonable inference therefrom. Contradictions and discrepancies, even in the State's evidence, are for the jury to resolve and do not warrant nonsuit. Only the evidence favorable to the State is considered, and defendant's evidence in conflict with that of the State is not considered. 2 Strong, N. C. Index 2d, Criminal Law, § 104. The defendant does not dispute this, but argues that the evidence is "insufficient to raise more than a suspicion or conjecture that the crime charged" was committed. The crux of his contention is that the State's evidence

failed to place defendant in possession of the 1966 Ford Galaxie which was removed from Tom's Used Cars.

"The test of the sufficiency of the evidence to withstand such a motion is the same whether the evidence is circumstantial, direct, or both." *State v. Cutler,* 271 N.C. 379, 383, 156 S.E. 2d 679, 682.

> " 'When the motion for nonsuit calls into question the sufficiency of circumstantial evidence, the question for the court is whether a reasonable inference of defendant's guilt may be drawn from the circumstances. If so, it is for the jury to decide whether the facts, taken singly or in combination, satisfy them beyond a reasonable doubt that the defendant is actually guilty.' " *State v. Cutler,* 271 N.C. 379, 383, 156 S.E. 2d 679, 682, quoting *State v. Rowland,* 263 N.C. 353, 139 S.E. 2d 661.

In the case at bar the State's case is grounded in circumstantial evidence which tends to show that a building was entered and a car was stolen; that a "junker" car was tampered with; that fingerprints taken from the junker car matched defendant's prints; that defendant admitted having the keys to a red 1966 Ford which still had dealer plates on it; that defendant admitted driving the car; that Officer Burgin, while in Asheville, saw a red 1966 Ford, checked the serial number, and identified it as being the car stolen from Tom's Used Cars. We believe this circumstantial evidence is sufficient evidence from which a reasonable inference of defendant's guilt can be drawn. In our opinion the evidence supports the jury's finding of guilty. The evidence was sufficient to withstand defendant's motions for judgment as of nonsuit. This assignment of error is overruled.

We have carefully considered defendant's two remaining assignments of error and conclude that they are without merit.

In our opinion defendant had a fair trial free from prejudicial error.

No error.

Judges PARKER and MARTIN concur.