STATE OF NORTH CAROLINA v. LUTHER RAY LAKEY

No. COA06-974

(Filed 5 June 2007)

**1. Evidence— photographs of guns—narcotics trafficking prosecution—admissibility**

It would be permissible for the jury to infer that defendant was a drug dealer from photographs of guns, drugs, and drug paraphernalia found in his house, and there was no error in admitting the photographs of the guns.

2. **Drugs— trafficking—constructive possession—prescriptions in other names**

The evidence was sufficient to support the conclusion that defendant had constructive possession of opiate derivatives that were found in his home and for which his fiancé, brother-in-law, and sister had prescriptions.

Appeal by defendant from judgment entered 8 March 2006 by Judge J. Marlene Hyatt in Haywood County Superior Court. Heard in the Court of Appeals 28 March 2007.

*Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Susan K. Nichols, for the State.*

*Charlotte Gail Blake for defendant-appellant.*

HUNTER, Judge.

Luther Ray Lakey ("defendant") appeals his conviction of the following: (1) trafficking in opiate derivatives, 28 grams or more; (2) possession of Methadone with intent to manufacture, sell or deliver; (3) possession of Alprazolam with the intent to manufacture, sell, or deliver; (4) possession of marijuana with the intent to manufacture, sell, or deliver; and (5) maintaining a building for keeping and selling controlled substances. After careful consideration, we find no error.

The State's evidence tends to show that defendant's home was searched by police on 5 April 2005. Defendant consented to the search, and his fiancé, Ms. Coward, consented to the search of her purse. Defendant willingly turned over a small amount of marijuana. The police also found quarter bags, marijuana which had already been cut, scales, other drugs, and drug paraphernalia. In the living room and kitchen, the police found numerous prescription pills such as Alprazolam, Methadone, and Hydrocodone. Weapons were also found in defendant's home. There was one gun in the living room and a second in Ms. Coward's purse. Photos of these guns were admitted into evidence over defendant's objection.

Defendant presents the following issues for appeal: Whether (1) the trial court committed reversible error in admitting two pictures of guns, and (2) there was insufficient evidence for a rational trier of fact to find the element of possession.

**STATE v. LAKEY**

[183 N.C. App. 652 (2007)]

I.

**[1]** Defendant argues that photographs of guns should have been excluded under Rule 403 of the North Carolina Rules of Evidence (hereinafter "Rule 403"). *See* N.C. Gen. Stat. § 8C-1, Rule 403 (2005). We disagree. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C.R. Evid. 401. In general, "weapons may be admitted into evidence when there is evidence tending to show that they have been used in the commission of a crime." *State v. Patterson*, 59 N.C. App. 650, 652, 297 S.E.2d 628, 630 (1982). In the instant case, defendant was charged with possession, trafficking, and maintaining a building for keeping and selling controlled substances. This Court previously held the presence of a gun is relevant to charges of possession, trafficking, and maintaining a building for keeping and selling controlled substances. *State v. Boyd*, 177 N.C. App. 165, 171, 628 S.E.2d 796, 802 (2006). Accordingly, the evidence that defendant was in possession of guns at the time of his arrest was admissible.

Under Rule 403, however, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice[.]" N.C.R. Evid. Rule 403. In reviewing a trial court's ruling on evidence under Rule 403, this Court reviews for an abuse of discretion under a totality of the circumstances analysis. *State v. Clark*, 138 N.C. App. 392, 399, 531 S.E.2d 482, 487 (2000). Whether photographic evidence is more probative than prejudicial is a matter within the discretion of the trial court. *Id.* Consequently, " '[a] trial court may be reversed for abuse of discretion only upon a showing that its ruling was manifestly unsupported by reason and could not have been the result of a reasoned decision.' " *Id.* at 403, 531 S.E.2d at 490 (citation omitted).

In this case, the State offered four photographs into evidence, two of which were of drugs and drug paraphernalia found in defendant's home during the search. Two more, those at issue here, were of guns found in defendant's house. Defendant, in essence, argues that he was prejudiced because people commonly associate guns with drug dealers, and as such, the jury in this case inferred that he was in fact a drug dealer from these photographs. This inference, however, is permissible. *Boyd*, 177 N.C. App. at 172, 628 S.E.2d at 803. *See State v. Smith*, 99 N.C. App. 67, 72, 392

S.E.2d 642, 645 (1990) (holding that trial court could properly determine that evidence of a gun was relevant to the charge of possession with intent to sell or deliver cocaine because "[a]s a practical matter, firearms are frequently involved for protection in the illegal drug trade"), *cert. denied*, 328 N.C. 96, 402 S.E.2d 824 (1991); *State v. Willis*, 125 N.C. App. 537, 543, 481 S.E.2d 407, 411 (1997) (relying upon the "common-sense association of drugs and guns"). As we stated in *Boyd*:

> Since defendant has failed to specifically demonstrate how he was unfairly prejudiced beyond the inferences the jury was properly entitled to draw from the presence of the gun[s] in [his home], we hold that the trial court did not abuse its discretion in holding that the gun[s'] probative value was not unfairly outweighed by [their] prejudicial effect.

*Boyd*, 177 N.C. App. at 172, 628 S.E.2d at 803. Accordingly, defendant's assignments of error as to this issue are rejected.

## II.

**[2]** Defendant next argues that the State has failed to prove the element of possession as required for a conviction of trafficking in opiate derivatives. We disagree. In ruling on a defendant's motion to dismiss, " 'the evidence should be considered in the light most favorable to the State[.]' " *State v. Frazier*, 142 N.C. App. 361, 365, 542 S.E.2d 682, 686 (2001) (citation omitted). In addition, the State receives " 'all reasonable inferences which may be drawn from the evidence.' " *Id.* (citation omitted). To survive a motion to dismiss, all that is required is substantial evidence, " 'whether direct, circumstantial, or both[.]' " *State v. Davis*, 325 N.C. 693, 696-97, 386 S.E.2d 187, 189 (1989) (citation omitted).

To prove the trafficking offense with which defendant was charged, the State must show that: (1) defendant possessed opiate derivates, and (2) the amount of the derivates was twenty-eight grams or more. N.C. Gen. Stat. § 90-95(h)(4)(c) (2005). Defendant concedes that the amount found was more than twenty-eight grams but argues that he was not in "possession" of those drugs.

The crux of defendant's argument is that the prescription drugs found in defendant's home, which were opiate derivates, were not his but his brother-in-law's, sister's, and fiancé's, all of whom, according to defendant, had valid prescriptions for the drugs.

In North Carolina, possession may be either actual or constructive. *Frazier*, 142 N.C. App. at 367, 542 S.E.2d at 687. Constructive possession is established when a person, "although not having actual possession of the controlled substance, 'has the intent and capability to maintain control and dominion over [the] controlled substance.' " *Id.* (citation omitted). Constructive possession of drugs can be shown "by evidence the defendant has exclusive possession of the property in which the drugs are located." *Id.* Additionally, constructive possession can be shown with "evidence the defendant has nonexclusive possession of the property where the drugs are located" so long as "there is other incriminating evidence connecting the defendant with the drugs." *Id.*

In this case, substantial evidence tends to show defendant, along with his fiancé, shared possession of the home where the drugs were located. Other incriminating evidence connecting defendant with the opiates includes the fact that neither his sister nor his brother-in-law were present because they lived in Tennessee. There was also evidence from which the jury could have reasonably concluded that the prescription drugs found at defendant's home were for trafficking and not for use by his brother-in-law and sister. Specifically, the police officers found: (1) several pill bottles throughout the kitchen counters, the coffee table in front of the counter, and on the bar; (2) all of the pill bottles on the table had been emptied, several of which did not have a prescription label; (3) eight (8) to ten (10) more bottles were found hidden underneath the couch with marijuana; and (4) more pill bottles were found in a Tupperware container. The police also discovered pills such as Alprazolam, Methadone, and Hydrocodone in the living room and kitchen. Other circumstantial evidence linking defendant to the opiates includes his handing the police a bag of marijuana and telling the investigators that the other marijuana was his. This evidence, taken in the light most favorable to the State, is sufficient to support the conclusion that defendant had constructive possession of the drugs in question. Accordingly, defendant's motion to dismiss the charge of trafficking in opiate derivatives was properly denied.

III.

In summary, the trial court did not abuse its discretion in admitting photographs of guns, nor did the trial court err in denying defendant's motion to dismiss.

No error.

Judges TYSON and JACKSON concur.