IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-322

Filed 7 November 2023

Haywood County, Nos. 21CRS51242, 21CRS51280

STATE OF NORTH CAROLINA

v.

RICHARD JAMES KING

Appeal by defendant from judgment entered 26 August 2022 by Judge Steve R. Warren in Haywood County Superior Court. Heard in the Court of Appeals 18 October 2023.

> *Attorney General Joshua H. Stein, by Assistant Attorney General Ronnie K. Clark, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender David S. Hallen, for the defendant-appellant.*

TYSON, Judge.

Richard James King ("Defendant") appeals from judgments entered after a jury convicted him of: conspiracy to commit trafficking in methamphetamine by possessing 28 grams or more, but less than 200 grams; one count of trafficking methamphetamine by possessing 400 grams or more; one count of trafficking methamphetamine by transporting 400 grams or more; and, one count of maintaining a vehicle for a controlled substance. Our review shows no error.

## I. Background

Haywood County Sheriff's Detectives Micah Phillips and Jordan Reagan ("Detectives") were called to jail to speak with an inmate, Thomas Andrew Clark, on 30 April 2021. Clark agreed to provide information about the drug trade in Haywood County. Detective Phillips knew Clark to be a low-level drug dealer. Clark was in jail awaiting trial. Clark spoke with the Detectives around 12:30 p.m.

The Detectives drove to the America's Best Value Inn in Canton around 2:00 p.m. based upon Clark's information. Detective Phillips observed James Welch's vehicle parked in the Inn's parking lot. Welch was known to both Detectives to be involved in drug dealing in Haywood County.

The Detectives observed Welch exit room 213 at the Inn, retrieve a large box out of the trunk of a Pontiac sedan, and return to the room. Detective Phillips estimated Welch spent approximately twenty seconds reaching inside the trunk of the Pontiac. Ten minutes later the Detectives observed Defendant, Welch, and Welch's daughter, Ashley Maggard, leave room 213 and enter the parking lot. Defendant returned to room 213. Welch and Maggard entered a red vehicle and left the property.

Sheriff's Sergeant Craig Campbell effected a stop of the red vehicle. A short time later officers with a canine arrived to assist with the vehicle's stop. Maggard told the officers a marijuana pipe was inside her purse. Welch was asked to step out of the vehicle. He complied, and the officers conducted a pat down, and conducted a

search of the vehicle.

The officers located 2.5 to 2.8 grams of methamphetamine within Maggard's pants. The officers also located a bag of methamphetamine in Welch's pants and a bag of methamphetamine inside his underwear.

Detectives Phillips and Reagan continued to monitor the motel. Defendant and Samantha Rich left room 213, entered the Pontiac, and left the property. Rich was also known to Detective Phillips, due to her involvement in the Haywood County drug trade.

The Detectives followed Defendant as he drove into the parking lot of a Dairy Queen restaurant. The Detectives activated their blue lights and conducted a stop of the Pontiac. Detective Phillips had confirmed prior to the surveillance that Defendant's driver's license was revoked. Rich immediately exited the Pontiac and began walking away. Detective Reagan stayed with Defendant, while Detective Phillips went to ensure Rich did not destroy any evidence.

Defendant admitted to possessing marijuana located in the center console of the Pontiac. The Detectives located a Marlboro cigarette package containing marijuana inside the center console. The Detectives also located a duffel bag inside the vehicle containing $3,900 in currency, a set of digital scales, and men's clothing. Deputy Hayden Green arrived with his canine and conducted a canine sniff test around the Pontiac. The canine alerted to the presence of narcotics, but the officers were unable to locate any additional contraband.

Defendant was arrested for conspiracy to traffic methamphetamine and was incarcerated at the jail. A search warrant was executed for room 213 at the Inn on 30 April 2021. No contraband or currency was found inside the room, but a methamphetamine pipe and portable air conditioner were found inside of Welch's truck located in the parking lot.

Defendant called Rebecca McMahan from the jail's telephone on 3 May 2021. Defendant asked McMahan about the Pontiac and told her to bring her toolbox. Defendant contacted McMahan the next day and suggested McMahan go to a carwash or someplace covered because it was raining. Defendant told McMahan "[t]here's two. There's one big and one small." Defendant instructed McMahan to open the trunk and remove the passenger side taillight. Law enforcement monitored these conversations.

McMahan picked up the Pontiac from the Sheriff's impound lot, and she drove the car to her friend's house located in Candler. Once there, she removed the taillight and found a magnetic box. McMahan placed the magnetic box underneath the passenger side of her vehicle. The same evening, Detective Phillips contacted McMahan, pretending to be an associate of Defendant, but McMahan denied having any knowledge of the package during the conversation. Detective Phillips went to McMahan's house and presented her with the information he knew and asked her to cooperate with the investigation. McMahan agreed to cooperate. She told Detective Phillips she had located only the magnetic box and gave it to him. She took Detective

Phillips to the Pontiac parked in Candler and allowed him to search the Pontiac.

Detective Phillips opened the magnetic box and discovered a large bag of methamphetamine inside, which he estimated to weigh approximately 50 grams. Detective Phillips removed both taillights from the Pontiac and was able to see a second package stuck in the center of the void between the taillights. The package contained a large quantity of methamphetamine and some needles. Defendant was charged with trafficking in methamphetamine by possession of more than 400 grams and trafficking in methamphetamine by transporting more than 400 grams.

Defendant contacted Tina Hill, his cousin, from jail and told her he was charged with trafficking because of his phone calls made from jail. Defendant also told Hill he was "trying to tell [McMahan] where it was at." Defendant contacted McMahan a few months later from jail and asserted Welch had placed the two packages into the back of the Pontiac.

Defendant was indicted and tried for conspiracy to commit trafficking in methamphetamine by possessing 28 grams or more, but less than 200 grams; one count of trafficking methamphetamine by possessing 400 grams or more; one count of trafficking methamphetamine by transporting 400 grams or more; and, one count of maintaining a vehicle for unlawfully keeping and/or using controlled substances. At the close of the State's evidence, Defendant moved to dismiss all charges. The trial court denied Defendant's motion. Defendant presented evidence and testified on his own behalf. The jury returned guilty verdicts on all charges.

Defendant was sentenced as a prior record level V with 14 prior record level points to 225 to 282 months for trafficking methamphetamine by possessing 400 grams or more, 225 to 282 months for trafficking methamphetamine by transporting 400 grams or more, 70 to 93 months for conspiracy to traffic methamphetamine, and 7 to 18 months for maintaining a vehicle for unlawfully keeping and/or using controlled substances. All sentences were ordered to run consecutively. Defendant appeals.

## II. Jurisdiction

Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. §§ 7A-27(b) and 15A-1444(a) (2021).

## III. Issues

Defendant argues the trial court erred by denying his motion to dismiss for conspiracy to commit trafficking in methamphetamine by possessing 28 grams or more, but less than 200 grams; one count of trafficking methamphetamine by possessing 400 grams or more; one count of trafficking methamphetamine by transporting 400 grams or more; and, one count of maintaining a vehicle for unlawfully keeping and/or using controlled substances.

## IV. Defendant's Motion to Dismiss

### A. Standard of Review

"When a defendant moves for dismissal, the trial court is to determine whether there is substantial evidence (a) of each essential element of the offense charged, or

of a lesser offense included therein, and (b) of defendant's being the perpetrator of the offense." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 222 (1994) (citation omitted).

"[A]ll evidence is considered in the light most favorable to the State, and the State receives the benefit of every reasonable inference supported by that evidence." *State v. Fisher*, 228 N.C. App. 463, 471, 745 S.E.2d 894, 900 (2013) (citation omitted). "Whether the evidence presented at trial is substantial evidence is a question of law for the court." *Id.* (citation omitted). "Substantial evidence is relevant evidence that a reasonable person might accept as adequate, or would consider necessary to support a particular conclusion." *Id.* (citation omitted).

"[I]t is for the jury to decide whether the facts, taken singly or in combination, satisfy them beyond a reasonable doubt that the defendant is actually guilty." *State v. Poole*, 24 N.C. App. 381, 384, 210 S.E.2d 529, 530 (1975) (citation omitted). "Circumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence." *State v. Scott*, 356 N.C. 591, 596, 573 S.E.2d 866, 869 (2002) (citation omitted).

"Substantial evidence is that amount of relevant evidence necessary to persuade a rational juror to accept a conclusion." *Id.* at 597, 573 S.E.2d at 869 (citation omitted). This Court reviews the trial court's denial of a motion to dismiss *de novo*. *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007) (citation omitted).

## B. Trafficking by Possession

Defendant argues the trial court erred by denying his motion to dismiss the charge of trafficking methamphetamine by possession. Defendant asserts he did not "knowingly possess[ ] methamphetamine." The essential elements of trafficking by possession are: "(1) knowingly possessed [a controlled substance], and (2) that the amount transported was greater than [the statutory threshold amount]." *State v. Christian*, 288 N.C. App. 50, 53, 884 S.E.2d 492, 497, *disc. review denied*, __ N.C. __, 891 S.E.2d 267 (2023). The "'knowing possession' element of the offense of trafficking by possession may be established by showing either: (1) the defendant had actual possession; (2) the defendant had constructive possession; or, (3) the defendant acted in concert with another to commit the crime." *Id.* at 53-54, 884 S.E.2d at 497 (citation omitted).

The State's evidence asserted Defendant constructively possessed methamphetamine. "Constructive possession [of methamphetamine] occurs when a person lacks actual physical possession, but nonetheless has the intent and power to maintain control over the disposition and use of the controlled substance. *State v. Alston*, 193 N.C. App. 712, 715, 668 S.E.2d 383, 386 (2008), *aff'd*, 363 N.C. 367, 677 S.E.2d 455 (2009). Constructive possession can be shown with evidence tending to show a defendant has "exclusive possession of the property in which the drugs are located." *State v. Lakey*, 183 N.C. App. 652, 656, 645 S.E.2d 159, 161 (2007) (citation omitted). Constructive possession can also be shown with evidence tending to show

a defendant's "nonexclusive possession of the property where the drugs are located" if there is also other incriminating evidence "connecting the defendant to the drugs." *Id.* (citation omitted).

Our Supreme Court has articulated factors of "other incriminating circumstances" to establish constructive possession:

> (1) the defendant's ownership and occupation of the property . . . ; (2) the defendant's proximity to the contraband; (3) indicia of the defendant's control over the place where the contraband is found; (4) the defendant's suspicious behavior at or near the time of the contraband's discovery; and (5) other evidence found in the defendant's possession that links the defendant to the contraband.

*State v. Checkanow*, 370 N.C. 488, 496, 809 S.E.2d 546, 552 (2018).

This Court has held a large amount of currency can be evidence tending to establish constructive possession. *Alston*, 193 N.C. App. at 716, 668 S.E.2d at 386 (citation omitted). Evidence of conduct by a defendant indicating his knowledge of the presence of a controlled substance is also sufficient for a jury to find constructive possession. *Id.*

Viewed in the light most favorable to the State, the evidence tends to show Defendant regularly used the Pontiac vehicle. He had prior access to and was driving the Pontiac the day he was pulled over, arrested, and the vehicle was impounded. Defendant's duffel bag containing $3,900 in currency and a set of digital scales were found inside the trunk. Defendant was aware of the location of the packages of methamphetamine, instructed McMahan, and attempted to have her remove the

hidden packages from the vehicle. A jury could reasonably conclude Defendant knowingly trafficked methamphetamine by possession. Defendant's argument is overruled.

## C. Trafficking by Transportation

Defendant argues the trial court erred when it denied his motion to dismiss the charge of knowingly trafficking methamphetamine by transportation. He denies knowingly transporting methamphetamine. The essential elements of trafficking methamphetamine by transportation are: "(1) knowingly . . . transported methamphetamine, and (2) that the amount possessed was greater than 28 grams." *Christian*, 288 N.C. App. at 57, 884 S.E.2d at 499 (citation omitted).

Transportation requires a "substantial movement" of contraband and can be defined as "real carrying about or [movement] from one place to another." *Id.* (citation omitted). Even very slight movement may be real or substantial enough, "depending upon the purpose of the movement and the characteristics of the areas from which and to which the contraband is moved." *State v. McRae*, 110 N.C. App. 643, 646, 430 S.E.2d 434, 436 (1993) (citation omitted). Merely witnessing a drug transaction in a vehicle stationary in a parking lot is not movement when the officers did not witness the vehicle in motion. *State v. Williams*, 177 N.C. App. 725, 729, 630 S.E.2d 216, 220 (2006).

Viewed in the light most favorable to the State, the evidence tends to show the Detectives observed Defendant driving the Pontiac from the America's Best Value

Inn to the Dairy Queen parking lot, where he was arrested and the Pontiac was searched and impounded. Defendant called McMahan from jail, asked her about the Pontiac, and instructed her how to access the methamphetamine hidden within the vehicle. The fact that all the containers were not discovered until days later does not suggest a lack of knowledge given the hidden location of the packages and the Defendant's knowledge of the location of and extraction method for the packages. A jury could reasonably conclude Defendant knowingly trafficked methamphetamine by transportation. Defendant's argument is overruled.

### D. Maintaining a Vehicle for Controlled Substances

Defendant argues the trial court erred by denying his motion to dismiss the charge of maintaining a vehicle for unlawfully keeping and/or using controlled substances. He asserts he did not maintain the Pontiac for the purpose of unlawfully keeping and/or using controlled substances. He also argues he lacked exclusive access to the areas where the methamphetamine was found, and he did not knowingly possess the methamphetamine. Defendant's arguments are without merit. As explained above, a jury could reasonably conclude Defendant knowingly possessed methamphetamine.

N.C. Gen. Stat. § 90-108(a)(7) prescribes a Class I felony for a person to intentionally and knowingly keep or maintain a vehicle, "which [is] resorted to by persons using controlled substances in violation of this Article for the purpose of using such substances, or which is used for the keeping or selling of the same in volitation

of this Article." N.C. Gen. Stat. § 90-108(a)(7) (2021).

In *State v. Mitchell*, our Supreme Court held the State had presented insufficient evidence of maintaining a vehicle, despite the fact "the defendant had two bags of marijuana while in his car, that his car contained a marijuana cigarette the following day, and that his home contained marijuana and drug paraphernalia[.]" *State v. Mitchell*, 336 N.C. 22, 34, 442 S.E.2d 24, 31 (1994).

Similarly, in *State v. Lane*, this Court held the State had presented insufficient evidence of maintaining a vehicle for unlawfully keeping and/or using controlled substances where the defendant possessed eight Ziploc bags of cocaine only once inside of the vehicle. The statute does not prohibit the mere temporary possession of [controlled substances] within a vehicle. *State v. Lane*, 163 N.C. App. 495, 500, 594 S.E.2d 107, 111 (2004) (citing *Mitchell*, 336 N.C. at 32-33, 442 S.E.2d at 30).

Upon arrest, Defendant admitted to possessing marijuana located in the center console of the Pontiac which was recovered by the Detectives. The Detectives also located a duffel bag inside the vehicle containing $3,900 in currency and a set of digital scales. The State presented other evidence tending to show both bags of methamphetamine were present inside the vehicle on 30 April 2021 and on 4 May 2021. Whether sufficient evidence was presented of the "keeping or maintaining" element depends upon a totality of the circumstances, and no single factor is determinative. *Mitchell*, 336 N.C. at 34, 442 S.E.2d at 30.

The State presented evidence of other factors, including Defendant's

knowledge and actions to access and dispose of the methamphetamine within the Pontiac, which indicated Defendant kept the vehicle for the purpose of keeping controlled substances. The trial court did not err in denying Defendant's motion to dismiss for maintaining a vehicle for the unlawful keeping and/or using of controlled substances. N.C. Gen. Stat. § 90-108(a)(7). Defendant's argument is overruled.

### E. Conspiracy to Commit Trafficking in Methamphetamine

Defendant argues the trial court erred by denying his motion to dismiss the conspiracy to commit trafficking in methamphetamine. "[C]riminal conspiracy is an agreement between two or more persons to do an unlawful act . . . [and] no overt act is necessary to complete the crime of conspiracy. As soon as the union of wills for the unlawful purpose is perfected, the offense of conspiracy is completed." *State v. Bindyke*, 288 N.C. 608, 615-16, 220 S.E.2d 521, 526 (1975).

"The State need not prove an express agreement;" rather, "evidence tending to show a mutual, implied understanding will suffice." *State v. Morgan*, 329 N.C. 654, 658, 406 S.E.2d 833, 835 (1991) (citation omitted). Direct or circumstantial evidence may be used to establish the existence of a conspiracy, although it is generally "established by a number of indefinite acts, each of which, standing alone, might have little weight, but, taken collectively, they point unerringly to the existence of a conspiracy." *State v. Worthington*, 84 N.C. App. 150, 162, 352 S.E.2d 695, 703 (1987) (citation omitted). "Mere passive cognizance of the crime or acquiescence in the conduct of others will not suffice to establish a conspiracy. The conspirator must

share in the purpose of committing [the] felony." *State v. Merrill*, 138 N.C. App. 215, 221, 530 S.E.2d 608, 612 (2000) (citation and internal quotation marks omitted).

Viewing the evidence in the light most favorable to the State on a motion to dismiss, sufficient evidence tended to show and supported submitting the conspiracy charge to the jury. The alleged co-conspirators, Welch, Maggard, and Rich were all found with methamphetamine after leaving the motel. Defendant had $3,900 in currency and a set of digital scales with his clothing in the vehicle at the time of his arrest. The trial court did not err in denying Defendant's motion to dismiss the charge of conspiracy to traffic methamphetamine. Defendant's argument is overruled.

## V. Conclusion

The State's evidence, taken as a whole, is sufficient for a reasonable jury to find and conclude Defendant is guilty of conspiracy to commit trafficking in methamphetamine by possessing 28 grams or more, but less than 200 grams; one count of trafficking methamphetamine by possessing 400 grams or more; one count of trafficking methamphetamine by transporting 400 grams or more; and, one count of maintaining a vehicle for keeping and/or using a controlled substance.

Defendant received a fair trial, free from prejudicial errors he preserved and argued. We find no error in the jury's verdicts or in the judgments entered thereon. *It is so ordered.*

NO ERROR.

Judges DILLON and GRIFFIN concur.